## Kay, Appellant, *v*. Gray.

*Res adjudicata—Mortgage—Validity of mortgage.*

A decree of common pleas in an equity suit affirmed by the Supreme Court to the effect that a mortgage is invalid, and no lien on the land described in the instrument, is conclusive in a subsequent scire facias on the mortgage, if it appears that the mortgagee was a defendant in the equity suit, and filed an answer in which he asserted the validity of the mortgage.

In general the binding effect of a former adjudication depends upon the identity of the rights involved, not on the evidence or the arguments presented.

Argued Jan. 11, 1906. Appeal, No. 30, Jan. T., 1906, by plaintiff, from judgment of C. P. Lackawanna Co., May T., 1903, No. 137, for defendant non obstante veredicto in case of Thomas W. Kay v. Angus C. Gray et al. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD, and BEAVER, JJ. Affirmed.

Scire facias sur mortgage. Before EDWARDS, P. J.

See Cameron v. Gray, 202 Pa. 566, and Kay v. Gray, 24 Pa. Superior Ct. 536.

At the trial the following offer was made:

By Judge VOSBURG: The counsel for the plaintiff offers to prove by Emma Gray, Alderman Baker and by other witnesses, that Angus Cameron, the grantor in the deed to Angus C. Gray, which has been offered in evidence, was living in September, 1899, in the city of Carbondale, in the home of Mrs. Scurry; that he there executed and acknowledged before Alderman Baker the deed to Angus C. Gray which has been offered in evidence here, and that he took no steps to secure it by placing it in any safe deposit vault or safe, but that he left it

in a satchel in a closet off the sick room where he then lay, and that this was the only precaution he took in order to preserve the same from being taken and recorded, and that several people, including domestics, had access to the house.

This for the purpose of showing that Angus Cameron was negligent in the care and custody of the deed after having executed and acknowledged the same, and that he did not take proper steps and precautions or such steps and precautions as a man of ordinary prudence would have taken, to prevent the delivery of the deed or its passing into the hands of any person without his consent. We further propose to follow this by showing by W. W. Baylor, a member of this bar, that at the request of Thomas W. Kay, the plaintiff, he examined the title to property described in the mortgage, and that he found the deed from Angus Cameron to Angus C. Gray upon the record; that he found no incumbrance; that he found the title to be perfect; that he so reported to Dr. Kay, the plaintiff in this case, and that Dr. Kay thereupon paid out $1,000 and took the mortgage in suit, and recorded it. This for the purpose of showing that there was no negligence upon the part of the plaintiff, but that he is a bona fide mortgagee for value without notice of any equities or any defects in the delivery of the deed.

Mr. Daviss: We object to this evidence as incompetent and immaterial.

Mr. Lathrope: We further object to the offer on the ground that the plaintiff has had his day in court, and that the matter is res adjudicata.

The Court: I will sustain the objection.

Exception noted for plaintiff at whose request a bill is sealed. [3]

Verdict for plaintiff for $1,250, subject to question of law reserved.

On a rule for judgment for defendant non obstante veredicto, EDWARDS, P. J., filed the following opinion:

The jury in this case found a verdict in favor of the plaintiff for the sum of $1,258, subject to a question of law reserved by the court. The reservation was in the following form:

" The point reserved relates to the effect of the decree in

equity dated August 6, 1901, entered in No. 5, January Term, 1900. If the court be of opinion that said decree is conclusive as to the validity or invalidity of the mortgage offered in evidence in this case, then judgment to be entered for the defendant, notwithstanding the verdict; if the court holds otherwise as to the effect of said decree, the verdict is to stand."

We are of the opinion that the reservation is specific enough to cover the legal question involved in this case. The only criticism we make as to the form is that the word "validity" might have well been left out; but this is a mere technicality. The criticism does not reflect upon the counsel in the case, because the point was drawn by the court itself.

The facts involved in the case are now before this court for the third time. They have also been before the Supreme Court once and before the Superior Court once. We do not mean to say that all the facts have been before the various courts in each case; nevertheless the substance of the contention between the parties has been considered, in some form or another, each time.

The full history of the case in its first phase is to be found in Cameron v. Gray, 202 Pa. 566. The story is briefly as follows: Angus Cameron, ninety-two years old, confined to his bed in his last sickness, executed a deed in favor of his grandson, Angus C. Gray, for a property worth about $4,000. The old man kept the deed with other papers in a small satchel in a closet near his bed. At no time did he give instructions or directions to anybody to deliver the deed to the grantee or to anyone else for him. The deed was signed, acknowledged, placed in the satchel, and was within the sole control of the grantor to the day of his death. The grantor died at 3 A. M. September 29, 1899. Between this hour and noon of the same day the deeds, old and new, were taken from the satchel by Mrs. Gray, the mother of the grantee, and handed to her son. The deed was then stamped and in six days was placed on record. On the day the deed was recorded the grantee executed a mortgage in favor of Thomas W. Kay pledging the land described in the deed as security for a loan of $1,000. In November, 1899, the heirs of Angus Cameron instituted a suit in equity against Angus C. Gray, the grantee in the deed, and Thomas W. Kay, the mortgagee named in the mortgage. An

answer was filed on behalf of Gray and Kay. The case came on for a final hearing, and it was decreed that the deed was void for the want of delivery and that the mortgage was invalid and not a lien upon the land therein described. The case was then appealed to the Supreme Court, where the decree was affirmed on the opinion of the court below. The part of the decree referring to the mortgage is in the following words :

" And that the mortgage for $1,000 executed by said defendant, Angus C. Gray, in favor of Thomas W. Kay, the other defendant, dated October 5, 1899, and recorded on the same day, is not a valid lien or incumbrance upon the land therein described, being the same land described above."

The next step in the litigation between the parties is the present scire facias sur mortgage. Thomas W. Kay is plaintiff, and Angus C. Gray and the heirs of Angus Cameron, are the defendants. An affidavit of defense was interposed by the Cameron heirs, to which the plaintiff filed exceptions and asked for judgment. We refused judgment, whereupon the plaintiff took an appeal to the Superior Court. One of the defenses set forth in the affidavit is the defense relied upon now to prevent the plaintiff from recovering judgment in the trial of the scire facias. We refer particularly to the adjudication in the equity case. The Superior Court in Kay v. Gray, 24 Pa. Superior Ct. 536, says on this branch of the case :

" But the court was warranted in refusing to enter judgment upon another ground. The appellees aver that in a suit in equity between them as plaintiffs and Kay and Gray as defendants, in which the validity of this mortgage, as well as of the Gray deed, was in issue, the court decreed, first, that the Gray deed was null and void for want of delivery and ' that the same be and is hereby set aside ; ' second, that Gray reconvey in fee simple the land described in the deed and mortgage ; and, third, ' that the mortgage for $1,000 executed by said defendant, Angus C. Gray, in favor of Thomas W. Kay, the other defendant, dated October 5, 1899, and recorded on the same day, is not a valid lien or incumbrance upon the land therein described, being the same land described above ; ' which decree having been appealed from by the defendants in that suit was affirmed by the Supreme Court in the following terms :

" ' The decree in this case is affirmed on the opinion of Judge

EDWARDS.' The case is reported under the title Cameron v. Gray, in 202 Pa. 566. So far as we have been able to discover there is no ground whatever for the contention that the decision of the Supreme Court does not apply to that part of the decree relating to the validity of the mortgage. The decree was affirmed as an entirety, and as the case is now presented the question of the validity of the mortgage must be regarded as res judicata."

One fact that appears clear in the record of the present case is, that Thomas W. Kay, the plaintiff mortgagee, has had his day in court. His rights under the mortgage in question have been adjudicated finally. He was joined as defendant in the equity case; an answer was filed in his behalf; he was a party to the issue and to all the proceedings; the validity of the mortgage was included in the issue, and the decree declared his mortgage was not a valid lien on the property described in the deed and mortgage. And we would have no hesitation in ending the discussion of this case here and now were it not for a line of cases relied upon by the plaintiff's counsel which decide that it is no defense to a mortgage that the mortgagor had no mortgageable interest in, or title to, the land.

In Penna. Co. v. Beaumont, 190 Pa. 101, the court says:

"It has never been supposed that the right to foreclose an overdue mortgage in any way depends upon the goodness of the mortgagor's title to the premises embraced in the mortgage."

There are several other cases to the same effect. We have no quarrel with this line of decisions. The doctrine laid down in them is well established, and the plaintiff's case would come under this principle were it not for the important fact that it has already been decided by a court of competent jurisdiction that the plaintiff has no valid mortgage and, therefore, has no lien upon the land which can be enforced by scire facias, or in any other way. The mortgage is absolutely void. The deed from Cameron to Gray, as was said in another case, "was a mere nullity, a blank sheet of paper, conferring no title on the original grantee, or on an innocent purchaser from him." The mortgage from Gray to Kay is no better. In view of this statement, must the defendants sit still in the scire facias proceedings because it happens that the mortgage was properly exe-

cuted and is overdue, although it has been declared not to be a lien upon the land embraced in it? Must they wait until the property is sold at sheriff's sale and until the purchaser thereat brings an ejectment suit? We think not. We are of the opinion that the plaintiff is precluded by the decree in the equity suit from proceeding to judgment upon his scire facias.

Now, August 7, 1905, for the reasons above stated, we enter judgment in favor of the defendant upon the point reserved notwithstanding the verdict.

*Errors assigned* were (1, 2) in entering judgment for defendant on the question of law reserved; (3) ruling on evidence, quoting the bill of exceptions.

*A. A. Vosburg,* of *Vosburg & Dawson,* for appellant.

*T. J. Davies,* for appellee.

PER CURIAM, March 12, 1906:

In general, the binding effect of a former adjudication depends upon the identity of the rights involved, not on the evidence or on the arguments presented: Myers v. Kingston Coal Co., 126 Pa. 582. Therefore it needs no argument to show that the admission of the offer of evidence recited in the third assignment of error would in no way have helped the plaintiff. No reason has been presented for holding that the decree of the common pleas in the equity suit, affirmed by the Supreme Court on appeal, is not conclusive in the present action that was not presented when the case was here upon appeal from refusal of judgment for want of a sufficient affidavit of defense, and further consideration has not led to a change of our views upon the question. We held then, that the question of the validity of the mortgage must be regarded as res judicata; there being no change in the facts pertinent to the question of res judicata, the learned judge below could not have done otherwise than enter judgment for the defendant on the point reserved. His opinion contains a concise and lucid statement of all that is necessary to a correct understanding of the point for decision, and all that need be said in vindication of the judgment.

Judgment affirmed.