# Roney, Appellant, v. Westlake.

*Res judicata—Promissory notes—Revenue stamps.*

A verdict and judgment in favor of the defendant in an action on a promissory note which was not stamped with an internal revenue stamp, is res judicata as to a subsequent action between the same parties on the same note after a revenue stamp had been placed thereon.

Argued Oct. 18, 1906.   Appeal, No. 167, Oct. T., 1906, by plaintiff, from order of C. P. Washington Co., Feb. T., 1906, No. 204, entering judgment for defendant non obstante veredicto in case of John L. Roney v. John S. Westlake, Executor of Jane R. Herron, deceased.   Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit on a promissory note.

The facts are stated in the opinion of the Supreme Court.

Verdict for plaintiff for $4,241.   Subsequently the court entered judgment for defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*R. W. Irwin,* of *Irwin, Wiley & Morgan,* with him *J. M. Dickson,* for appellant.—There was no trial on the merits in the. first suit, and the dispute between the parties has, therefore, not been adjudicated : Weigley v. Coffman, 144 Pa. 489 ; Carmony v. Hoober, 5 Pa. 305 ; Detrick v. Sharrar, 95 Pa. 521 ; Birch v. Funk, 2 Met. (Ky.) 544 ; Loudenback v. Collins, 4 Ohio St. 251 ; Buchanan v. Banks, 203 Pa. 599 ; Tracy v. Merrill, 103 Mass. 280 ; Maxwell v. Clarke, 139 Mass. 112 (29 N. E. Repr. 224) ; New England Bank v. Lewis, 25 Mass. 113 ; Crosby v. Baker, 88 Mass. 295 ; Moloney v. Nelson, 158 N. Y. 351 (53 N. E. Repr. 31) ; Peck v. Easton, 74 Conn. 456 (51 Atl. Repr. 134).

*R. H. Meloy,* with him *C. L. V. Acheson,* for appellee.—The judgment of a court of concurrent jurisdiction directly upon

the point is, as a plea, a bar; or, as evidence, conclusive between the same parties upon the same matter directly in question in another court: Duchess of Kingston's Case, 2 Smith's Leading Cases, *784; Marsh v. Pier, 4 Rawle, 273.

No one can object to a judgment which he has permitted to be rendered through his own carelessness, neglect or ignorance: Pray v. Hegeman, 98 N. Y. 351; Davies v. Mayor, etc., of New York, 93 N. Y. 250; Smith v. Smith, 79 N. Y. 634; 21 Amer. & Eng. Ency. of Law, page 217, note 1; Bassett v. Conn. River R. R. Co., 150 Mass. 178 (22 N. E. Repr. 890); Smith v. Whiting, 11 Mass. 445; Ewing v. McNairy, 20 Ohio St. 315.

It is the issue that is concluded, not the evidence, and any fact attempted to be established by evidence and controverted by the adverse party may be said to be in issue : King v. Chase, 15 N. H. 9; Agate v. Richards, 18 N. Y. Super. Ct. 456; Kilheffer v. Herr, 17 S. & R. 319; Rauwolf v. Glass, 184 Pa. 237; Long v. Bank, 211 Pa. 165; Hamner v. Griffith, 1 Grant's Cases, 193; Rockwell v. Langley, 19 Pa. 502; Raisig v. Graf, 17 Pa. Superior Ct. 509; Bell v. Allegheny County, 184 Pa. 296; Schwan v. Kelly, 173 Pa. 65; Larkins v. Lindsay, 205 Pa. 534; Fayerweather v. Ritch, 195 U. S. 276 (25 Sup. Ct. Repr. 58); Kay v. Gray, 30 Pa. Superior Ct. 450; Logan v. Caffrey, 30 Pa. 196; Miller v. Manice, 6 Hill (N. Y.), 114; Zimmerman v. Zimmerman, 15 Ill. 84.

OPINION BY MR. JUSTICE MESTREZAT, January 7, 1907 :

On April 15, 1905, John L. Roney, the plaintiff in the present suit, brought an action of assumpsit at No. 177, May Term, 1905, of the common pleas of Washington county, against Jane R. Herron, the present defendant's testatrix, to recover on a promissory note of which the following is a copy :

" $3,000.                                        August 18, 1899.

" One day after date I promise to pay to the order of John L. Roney three thousand dollars without defalcation for value received.

[Seal]          " JANE R. HERRON.

Witness :

[Seal]          " JOHN ANDERSON."

The defendant appeared and pleaded non assumpsit. The

case was tried before a jury, and a verdict was rendered for the defendant. A motion for a new trial was heard and over-ruled, and, on January 20, 1906, judgment was entered on the verdict.

On February 8, 1906, John L. Roney brought the present action of assumpsit in the common pleas of Washington county against John S. Westlake, executor of Jane R. Herron, deceased, and the statement claimed to recover the debt and interest due on the note on which the former action was brought. The defendant pleaded non assumpsit, payment, set-off, statute of limitations, and " that all matters set forth in the plaintiff's statement had been adjudicated as will appear by the record at No. 177, May Term, 1905, of this court." On the trial of the cause, the defendant put this record in evidence to sustain his plea of res judicata. The court directed a verdict for the plaintiff on the evidence submitted, and re-served the question whether the plaintiff's claim had been ad-judicated in the former action. Subsequently, in an elaborate and satisfactory opinion, the court entered judgment for the defendant on the question reserved. The plaintiff has appealed.

An examination of the record of the first case shows that on the trial the plaintiff proved the execution of the note by the attest-ing witness. The note was then offered in evidence and, upon objection by defendant's counsel, was excluded on the ground that it was not stamped as required by the war revenue act of congress. The plaintiff offering no additional testimony, the jury under the instructions of the court rendered a verdict for the defendant on which judgment was subsequently en-tered.

A month prior to bringing the present suit, the plaintiff had the collector of customs place the proper revenue stamp on the note. On the trial of this cause, the plaintiff having proved the maker's signature put the note in evidence and rested. The defendant then put in evidence the record of the former action, and the case was closed. Subsequently judg-ment non obstante veredicto was entered for the defendant. The only question on this appeal is whether this record is, as held by the court below, a bar to the present suit. It is diffi-cult to see how this question can be answered in the nega-tive.

In the two actions, there is identity of the note sued on, of the cause of action, and of the parties, and both actions were heard and determined by the same court which was of competent jurisdiction. The issue in both actions was the same. At the time of bringing the first suit, the note was due, and, if genuine and not paid, the plaintiff had the right to recover, but the pleadings required him to sustain his action by competent evidence. He proceeded on the trial to meet this requirement in the case. He proved the maker's signature by the attesting witness, sufficiently so at least to admit the note in evidence, if there was no other legal ground for excluding it. The next step in the progress of the trial, and one absolutely necessary to be taken to entitle him to recover, was to put the note in evidence. He offered the note, but it was excluded by the court on the ground that no United States revenue stamp had been placed upon it. So far as the evidence in the case discloses, the note was genuine and unpaid, and the only reason urged or assigned for excluding it was the failure to stamp it. Of course, the note upon which the suit was brought not being in evidence, the court was compelled by the insufficiency of the testimony submitted by the plaintiff to direct a verdict for the defendant. The judgment entered upon the verdict was not appealed from nor reversed, and is therefore conclusive upon the parties as to the issue therein adjudicated.

There is and can be no doubt as to the issue raised by the pleadings, and determined by the trial and judgment in the first action, and that is, whether Jane R. Herron signed, sealed and delivered to the plaintiff the note, and whether she or her estate still owed the claim at the time the suit was brought. The record conclusively shows this to have been the issue tried and determined in the first suit. The issue was tried before the court and a jury in the usual, ordinary way in such cases, and the trial resulted in a verdict in favor of defendant, not on a technicality, but on the merits of the case, and because the evidence of the plaintiff was not sufficient to sustain the issue directly raised by the pleadings. The plaintiff was required to support the issue formed by the pleadings by sufficient evidence, and if he withheld the evidence or any part of it and the verdict and judgment for that reason went against him, he

is concluded. This is equally true if the verdict was adverse to him because the court, though erroneously, excluded evidence which, if admitted, would have produced a different result. In 1 Freeman on Judgments, sec. 272, the learned author discusses the question of a judgment as an estoppel in a subsequent action and, citing numerous American and English authorities to support the text, says : " That he (the plaintiff) will not be allowed to bring another action, because in the first he gave no evidence of his demand ; that he will not be permitted to reserve, or from any cause not to produce, part of his evidence ; and that the judgment will be conclusive as to every matter which he could have proved in the first suit, and which was not proved nor withdrawn. . . . If the claim is specifically embraced in the pleadings, the presumption is, that it was presented at the trial, and considered in the rendition of the judgment. If a court erroneously rejects evidence, offered to prove a claim or defense, on the ground that it is inadmissible, such claim, nevertheless, on rendition of the judgment, becomes res judicata, and so remains until the judgment is vacated or reversed by some appropriate proceeding. . . . A judgment of a court possessing competent jurisdiction is final, not only in reference to the matters actually or formally litigated, but as to all other matters which the parties might have litigated and had decided in the cause. A party cannot try his action in parts. The judgment is conclusive, not only of the matters contested, but as to every other thing within the knowledge of the complainant which might have been set up as a ground for relief in the first suit."

In the present suit, the record discloses that it is between the same parties and was brought on the same note or for the same cause of action as the former suit. It is obvious that it would require the same evidence to sustain both actions, which, it is said in numerous cases and approved by Judge FREEMAN in his work on judgments, is the test as to whether a judgment is a bar to a subsequent action : 1 Freeman on Judgments, § 259 and cases cited in note including Marsh v. Pier, 4 Rawle, 273. It is contended, however, and it is the ground on which the plaintiff seeks a reversal on this appeal, that the former judgment was not upon the merits of the case but because " the plaintiff could not call upon the estate of Jane R. Herron to

pay the note until he had it properly stamped." In other words, the plaintiff contends that the only question decided in the prior action was " whether or not the plaintiff could collect the amount of that note from the estate of Jane R. Herron without having the proper revenue stamps upon the note." This view fails to discriminate between a ruling by the court on the competency of testimony offered to prove an issue, and a decision of the issue itself raised by the pleadings and to be decided by the court and jury. The ruling by the court on the competency of the note as evidence is entirely different from a decision of the issue, which was whether the note was executed by the defendant and whether she still owed the money. Competent evidence was required to establish the plaintiff's claim on the note and if the evidence offered was inadmissible for any reason and the verdict and judgment were for the defendant, the question decided and which becomes res judicata is, not the court's ruling on the evidence, but whether Jane R. Herron executed the note and she or her estate owes the plaintiff the amount of it. Assume that instead of the note having been excluded because of the absence of a stamp, the plaintiff had failed to prove the maker's signature, the court would have been compelled to reject the note as evidence. Or suppose the note when offered was mutilated to such an extent as to render it incompetent and the court had excluded it. In these and similar cases, it will not be pretended that a verdict and judgment for the defendant because of the exclusion of the note would not be res judicata as to the right of the plaintiff to maintain a second action on the note. These cases are not distinguishable in principle from the case at bar. In all such cases, the note is disqualified as evidence, and being material and absolutely necessary to sustain the issue on the part of the plaintiff, his right to recover on the note, the matter in issue, is resolved against him and the adjudication is final. If in the instances suggested, or if as here the note is not stamped and the defendant objects to its competency as evidence and it is excluded, the plaintiff can readily protect himself by taking a nonsuit which leaves the merits of the case undetermined, and gives him an opportunity to secure proper testimony and have the case adjudicated on its merits. If, however, as in this case, the plaintiff under such circumstances permits a verdict and

judgment to go against him, the finality of the judgment will not be destroyed or affected because the verdict was the result of the failure of the plaintiff to sustain his claim by competent evidence.

We are of opinion that the trial and judgment in the former case conclude the plaintiff as to the liability of Jane R. Herron or her estate on the note in suit, and is a complete bar to any subsequent suit involving the same issue and for the same cause of action.

The case in hand must be distinguished from that class of cases where the judgment set up in bar of the second action is not upon the merits of the question involved in litigation. Those cases are where the judgment is founded upon a lack of jurisdiction, a nonjoinder or misjoinder of parties, plaintiff or defendant, a misconception of the form of pleading, a formal or technical defect in the pleadings, or the like : 24 Am. & Eng. Ency. of Law, 2d ed., 794; or where the suit is discontinued, the plaintiff becomes non suit, the debt is not yet due, or there is a temporary disability of the plaintiff to sue : 1 Greenleaf on Evidence, secs. 529, 530 ; Weigley v. Coffman, 144 Pa. 489. Judgments in those cases are not obtained upon the merits, and hence are not a bar to another action.   But here, no reasons of this character existed in the first action to prevent a trial and determination of the cause upon the merits, and therefore the judgment is conclusive on the parties as to the right of the plaintiff to recover on the note.

The assignments of error are overruled and the judgment is affirmed.