## Ryan, Appellant *v.* Reddington.

*Equity—Contracts—Adequate remedy at law—Misjoinder of parties.*

1. A bill in equity against the school directors of a township school district is properly dismissed on the ground of an adequate remedy at law, where from the material parts of the bill it appears that the plaintiffs claim that they had been duly and legally elected by the school board as teachers of certain schools in the township at a fixed compensation and for a specified term, that they entered upon the performance of their duties, and that after teaching for a portion of the time specified they were dismissed from their places as teachers without notice and without any cause therefor.

2. Such a bill is clearly demurrable on the ground of misjoinder of parties where its averments disclose an employment of each of four teachers respectively to teach four different schools in a township.

Argued February 17, 1913. Appeal, No. 228, Jan. T., 1912, by plaintiffs, from decree of C. P. Schuylkill Co., March T., 1912, No. 1, dismissing bill in equity in case of Maurice Ryan, Patrick J. Little, Patrick N. Curran and Michael J. O'Brien v. Benjamin Reddington, Nicholas Madara, Bernard McKeever, Richard Adams and John Hall, School Directors of the Norwegian Township School District. Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity for an injunction to restrain school directors from interfering with teachers in the performance of their duties. Before BECHTEL, P. J.

The opinion of the Supreme Court states the case.

*Error assigned,* among others, was decree of the court.

*William Wilhelm,* with him *G. F. Brumm,* for appellants.

*C. E. Berger,* with him *J. B. McGurl* and *M. M. Burke,* for appellees.

OPINION BY MR. JUSTICE MESTREZAT, April 21, 1913:

This was a bill in equity filed by the plaintiffs to restrain the defendants, as school directors, from interfering with the plaintiffs in the performance of their duties as teachers of the respective schools in Norwegian Township, Schuylkill County, for which, as alleged, they had been duly elected. The bill avers that at a meeting of the school board of Norwegian Township School District on June 9, 1911, the board elected O'Brien as principal teacher of the Seltzer City school, Ryan as assistant teacher of that school, Little as teacher of the Brier City school, and Curran as teacher of the New Street school, all at a stipulated salary per month and for the school year ending July, 1912; that in pursuance of their election the plaintiffs entered upon the performance of their duties at the respective schools assigned each of them on August 28, 1911, and continued to teach the same until December 22, 1911, when the schools were closed for the Christmas holidays; that on December 29, 1911, the school board met and illegally dismissed the plaintiffs from their positions as teachers to which they had been elected, and elected other teachers to fill the respective position of each of the plaintiffs; that no notice was given the plaintiffs of the causes for the dismissal, or that there were any charges against them, or of the hearing at which they were dismissed; that the plaintiffs had done nothing to justify their dismissal; and praying that the defendants be enjoined from interfering with the plaintiffs in the performance of their duties as teachers of the respective schools for which they had been duly elected and from

sending any person to interfere with them in the performance of their duties as teachers.

The defendants filed an answer in which they deny that the plaintiffs were legally elected as teachers by the school board or that they were dismissed from any position which they legally held as teachers, admit the election of teachers for said schools on December 29, 1911, and aver that the plaintiffs have an adequate remedy at law by suit against the Norwegian Township School District, and therefore are not entitled to maintain this bill.

The learned court below dismissed the bill holding with the defendants on the merits of the case, and that the plaintiffs had an adequate remedy at law and were not entitled to equitable relief. The plaintiffs have taken this appeal.

While the statutes and our decisions construing them, applicable to the case, leave little doubt as to the proper conclusion on the merits, we are all of the opinion that the plaintiffs have an adequate remedy at law for any infringement of their rights, and that therefore the court was right in dismissing the bill for equitable relief.

We have referred to the material parts of the bill from which it appears the plaintiffs claim that on June 9, 1911, they were duly and legally elected by the school board as teachers of certain schools in Norwegian Township at a fixed compensation and for a specified time, and that they entered upon the performance of their duties and after teaching until the twenty-second of December they were dismissed from their positions as teachers without notice and without any cause therefor. Conceding these averments to be true, they show a contract of employment of the plaintiffs by the school board for a definite time at a fixed compensation, part performance on the part of the plaintiffs, and a breach of the contract by the defendants by discharging the plaintiffs without cause. The plaintiffs' case, therefore, as

shown by the pleadings is simply the breach of a contract on the part of the defendants for which, of course, there is an adequate remedy at law. After they were discharged, the plaintiffs could have treated the contract as still in force and brought an action on the contract for each instalment of salary as it became due, or they could have brought an action to recover damages for the breach of the contract immediately after the discharge or at the expiration of the time for which they were employed. But one action, however, would lie for the wrongful discharge, while separate actions could have been maintained for the instalments as they fell due. The remedy of the plaintiffs at law was entirely adequate as both the term and compensation for the employment were fixed by the contract. It is, therefore, apparent that a court of equity had no jurisdiction and that the bill was properly dismissed for that reason.

The bill was clearly demurrable on the ground of misjoinder of parties. The plaintiffs had no right, either at law or in equity, to maintain a joint suit against the defendants, as a school board, on the cause set forth in their bill. The averments of the bill disclose an employment of the four plaintiffs respectively to teach four different schools in the township. It is, therefore, a contract with each individual plaintiff to teach a certain designated school in the township at a stated compensation for a fixed period. The rights of the respective plaintiffs, are several and individual, depending upon the circumstances of each case, and each has an appropriate remedy to recover whatever damages he may have sustained by his wrongful discharge as a teacher. The plaintiffs were not jointly employed to teach any one school or number of schools, but were severally and individually employed to teach a separate and different school. The claim, therefore, as set forth in the pleadings was not a joint claim conferring a joint right of action on the plaintiffs against the defendants, but was

a separate and individual claim of each plaintiff against the defendants.

The learned court below was right in dismissing the bill on the ground that the plaintiffs had an adequate remedy at law, and for this reason the decree is affirmed.