## Koille, Appellant, *v.* Robinson.

*Res adjudicata—Action of trespass—Judgment n. o. v.*

Where an action of trespass is brought against two persons and a verdict is rendered in favor of one of the defendants but against the other, and subsequently the court enters judgment non obstante veredicto as to the second defendant, and this judgment stands unreversed, such action is res adjudicata of a second action brought by the same plaintiff on the same cause of action against the defendant in the first suit who secured a judgment n. o. v. in his own favor, if there is nothing in the second suit to show that the first suit had not been disposed of upon its merits.

Submitted Oct. 17, 1913.   Appeal, No. 149, Oct. T., 1913, by plaintiff, from judgment of C. P. No. 2, Phila. Co., June T., 1908, No. 5,132, for defendant in case of Alexis Von Koille v. Benjamin Robinson.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.   Affirmed.

Trespass for false arrest.   Before Sulzberger, P. J.
The opinion of the Superior Court states the case.

*Error assigned* was in entering judgment for defendant n. o. v.

*Michael J. Geraghty,* for appellant, cited: Mannerback v. R. R. Co., 16 Pa. Superior Ct. 622; Carmony v. Hoober, 5 Pa. 305; Piro v. Shipley, 33 Pa. Superior Ct. 278; Williams v. Morgan, 26 Pa. C. C. Rep. 81.

*Henry J. Scott,* for appellee, cited: Marsh v. Pier, 4 Rawle, 273; Roney v. Westlake, 216 Pa. 374.

Opinion by Porter, J., April 20, 1914:

The plaintiff in this action of trespass seeks to recover damages of the defendant, a policeman of the city of Philadelphia, for alleged unnecessary violence and excess of authority in arresting plaintiff, without a warrant. Upon the trial in the court below, after the plaintiff had testified as to the alleged wrongs done him, he, by his counsel, made the following formal admission of record: "This is the same plaintiff and Robinson the same defendant and the cause of action is the same as the one that was originally commenced in common pleas No. 2, December Term, 1906, No. 2,237, by Alexis von Koille, against Lawrence McCormick and Benjamin Robinson, Robinson being this defendant." The record referred to disclosed that this plaintiff had brought an action of trespass against Benjamin Robinson and Lawrence McCormick, for the same alleged injury; that the defendants had entered a plea of not guilty and the parties had gone to trial upon the general issue. The trial resulted in a verdict, on May 15, 1908, in favor of the plaintiff and against the defendant Robinson for $50.00, and in favor of the defendant McCormick. Robinson, through his counsel, on May 19, 1908, made the following motion: "The learned court having declined to af-

firm defendants' point, to wit, that under all the evidence in this case your verdict must be for the defendants, Henry J. Scott, attorney for Lawrence McCormick and Benjamin Robinson, the defendants, moves the court to have all the evidence taken upon the trial of the above case duly certified and filed of record, and for judgment non obstante veredicto." This motion the court subsequently sustained, and judgment was entered in favor of the defendant non obstante veredicto. This judgment stands unreversed. The learned judge of the court below held that the judgment in the former action was conclusive against the right of the plaintiff to recover in the present one and the jury under instructions rendered a verdict for the defendant, upon which judgment was entered and the plaintiff appeals.

In the two actions there is identity of the cause of action, as the plaintiff formally admitted at the trial, the plaintiff is the same and the present defendant was one of the defendants in the former action, which had been heard and determined by the same court, of the jurisdiction of which there can be no question. The only evidence, as to the grounds of the judgment in the first case, which was before the court at the trial of this one, was the record. There was no attempt to offer extrinsic evidence tending to show that the first issue, whether the defendants were guilty of the alleged trespass, had not been disposed of upon its merits. The ground upon which the motion for the judgment non obstante veredicto was based was the refusal of the court to direct the jury to find a verdict in favor of the defendants, and when the court sustained that motion it was an adjudication that the jury ought to have been so instructed. There was nothing in the record which would have warranted the court below in holding that judgment had been entered in favor of Robinson, non obstante veredicto, for the reason that the jury had found in favor of the other defendant, McCormick. The record as presented showed a judgment against the

plaintiff on the general issue.    Whether Robinson was guilty of the alleged trespass was necessarily involved in the first issue.    If the plaintiff upon the trial of that issue discovered that he had no evidence against McCormick and could not hope to obtain a verdict against both the defendants, as joint trespassers, it was within his power and was his right to amend and proceed against Robinson alone.    When a plaintiff who thinks he has suffered an injury brings an action charging several persons as joint trespassers and after a trial upon the general issue has judgment entered against him in favor of all the defendants, he does not in every case have the right to subsequently bring an action against each one of those defendants, for the same trespass.    When he subsequently brings an action against one of the defendants the burden is upon him to show, at least, that the first issue was not, as to that defendant, disposed of upon its merits: Roney v. Westlake, 216 Pa. 374; Stradley v. Bath Portland Cement Co., 228 Pa. 108. The record in this case did not disclose, as did the record in Pittsburg Construction Co. v. Railroad Co., 227 Pa. 90, that the first issue had not been determined on the merits of the case.

The judgment is affirmed.