Blum, Appellant, *v.* Goldman.

Argued November 15, 1950. Before DREW, C. J., STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.

*David H. H. Felix,* with him *Felix & Felix,* for appellants.

*Joseph S. Clark, Jr.,* with him *Arthur E. Newbold, 3rd* and *Barnes, Dechert, Price, Myers & Clark,* for appellee.

OPINION BY MR. JUSTICE CHIDSEY, March 19, 1951:

Frank Blum and Sara J. Blum, appellants, instituted this action in trespass against William Goldman, appellee, to recover damages for malicious inducement to breach a contract for the sale of real estate. Two previous cases had been instituted by the present appellants against William Goldman Theatres, Inc., based upon the same transaction which gave rise to the present case, and in which William Goldman was named as president, principal stockholder and agent. The instant complaint pleaded the earlier litigation and incorporated the record thereof by reference. Goldman filed a responsive answer and under the heading of new matter pleaded the additional litigation and further alleged that by reason of such prior litigation the matter before the court was *res judicata*. Appellants, in their reply to new matter, denied that the doctrine of *res judicata* applied. Goldman's motion for judgment on the pleadings was granted. This appeal followed.

The instant complaint averred that William Goldman Theatres, Inc., a Delaware corporation, having its principal place of business in Philadelphia, is engaged in the business of exhibiting motion pictures; that William Goldman is president and controlling stockholder of said corporation; that on December 14, 1945, appellants, through a straw party, entered into a written agreement with the owners of property known as Killegarry Apartments and Sixty-Ninth Street Theatre Building for purchase and sale thereof; that the purchase price was $50,000, under and subject to a very large mortgage; that settlement was to be made on or before March 14, 1946; that the straw party thereafter assigned all her right, title and interest in said agreement to appellants; that appellee in his individual capacity and acting as president and con-

trolling stockholder of William Goldman Theatres, Inc., and with full knowledge of the December 14, 1945 agreement, did on December 15, 1945, without reasonable or legal justification, maliciously and with the intent of inducing a breach of the existing agreement, offer a higher sum of money to the owners; that subsequent offers were made with the same intent, that by reason of such offers the owners refused to effect settlement with appellants, and on January 10, 1946, conveyed the real estate to William Goldman Theatres, Inc., that on January 15, 1946 appellants instituted suit against William Goldman Theatres, Inc., in the United States District Court for the Eastern District of Pennsylvania; that a decree was entered directing a reconveyance of real estate to appellants, assignment of leases, an accounting of gains and profits, and damages fixed at $5,356.48; that said item of damages included a counsel fee of $5,000 (see *Blum et al. v. William Goldman Theatres, Inc.*, 69 F. Supp. 468); that on appeal to the United States Court of Appeals for the Third Circuit the decree was modified by the elimination of the award of $5,000 counsel fees (164 F. 2d 192); and that as a result of the foregoing, appellants sustained damages and will sustain damages and great expense in establishing their legal rights.

Goldman's answer made denials of the material averments and under new matter averred the subsequent action in the United States District Court for the Eastern District of Pennsylvania; that in the second action damages were requested in the sum of $50,000, the complaint containing averments substantially identical with those in the prior complaint; that on March 5, 1948, defendant's motion to dismiss for failure to state a claim was sustained; that on May 3, 1949, this decision was affirmed by the Circuit Court of Appeals (174 F. 2d 914); that the judgments in

both civil actions have been marked satisfied of record; and, that, by reason of the foregoing, the issues raised in the instant complaint have been litigated and a final judgment had upon the merits.

Appellants contend that (1) William Goldman, individually, had not been made a party to any of the prior actions and that there is no privity between him and Goldman Theatres, Inc., and (2) the tortious act of Goldman as an individual is separate and distinct from his act as a representative of the corporation. Appellee contends, and the court below held, that the instant action was different in form only, and that the conclusiveness of the prior adjudications could not thus be avoided.

The pivotal issue before this Court is whether, in the circumstances, the prior determination that Goldman was agent for William Goldman Theatres, Inc., entry of judgment against the principal and satisfaction thereof of record precludes successful prosecution of an action against the agent. The alleged facts upon which the cause of action is based are identical with those in the prior actions, except with regard to the designation of the party defendant, and as regards the damages sought. With regard to the latter, appellants in the initial suit sought damages in amount of $100,000, and in the second suit in amount of $50,000. In the instant case, $50,000 is requested for punitive and $50,000 for compensatory damages. The first action in the Federal Court, unquestionably, was, as the District Court held in the second case, a joinder of equity and tort claims, permissible under the Federal Rules of Civil Procedure.

When a court of competent jurisdiction has determined a litigated cause on its merits, the judgment entered and not reversed on appeal is, as between par-

ties to the suit and their privies, final and conclusive with regard to every fact which might properly be considered in reaching a judicial determination and with regard to all points of law adjudged as those facts and points of law relate directly to the cause of action in litigation. See *Jones v. Costlow*, 354 Pa. 245, 47 A. 2d 259; *Wallace's Estate*, 316 Pa. 148, 153, 174 A. 397.

The relationship of principal and agent has been conclusively determined in the prior litigation, both as a fact and as a conclusion of law. This relationship is not now denied by appellants. It is not only admitted, but averred in paragraph 9 of the complaint.

Appellants contend, however, that the relationship of principal and agent is of no moment. It is argued that the nature of the tort having as essential elements wilfulness and malice was such that Goldman and the corporation were separately liable. We are completely in accord with the statement that the liability was several and not joint. Pertinent is *Bausewine v. Norristown Herald, Inc.*, 351 Pa. 634, 41 A. 2d 736, where Bausewine, in an action for libel, named one Strassburger, president and substantial owner of Norristown Herald, Inc., and the corporation as defendant. Subsequent to the granting of a new trial, plaintiff discontinued his action against Strassburger. With regard to the relation of the parties, this Court said (p. 638) : "Here, Norristown Herald, Inc., was the master and Strassburger, its servant." It was further held that because of the relationship the torts were several and could not be joint. It is immaterial that wilfulness and malice are necessary ingredients of the tort upon which the instant action is based. The relation of principal and agent remains and is controlling as regards the right to recover separate judgments and obtain satisfaction of each.

Appellants elected to sue the principal for the tort of Goldman, its agent. The action was both for equitable relief and in tort for the recovery of damages. Judgment was rendered against the corporation, the principal, and the judgment has been satisfied of record.[1] Appellants cannot now, having prosecuted their cause of action against the principal and having received satisfaction of the judgment entered in their favor, successfully maintain the present suit against the agent which is based upon the identical cause of action. See *Balis Bros. v. Latta,* 102 Pa. Superior Ct. 66, 156 A. 596, and cases therein cited.

The contention is made, however, that "In the former actions counsel fees were requested for the *same* action and against the *same* defendant. In this suit counsel fees are sought from a defendant because of *his* tort . . . which tort necessitated the plaintiffs bringing suit against a *third* person." This contention is subject to the same infirmity which defeats appellants' principal contention, namely, that the act of the agent was the act of the principal. What appellants are seeking is to have the courts of Pennsylvania allow an item of damage which the Federal Court has denied them, namely, counsel fees.

It is immaterial that courts of another jurisdiction might not have properly understood and applied the decisions of courts of this Commonwealth. No application for certiorari was made to the United States Supreme Court from the determination by the Court of Appeals of the applicable Pennsylvania law. The

---

[1] In refusing to reverse the dismissal of the plaintiffs' second action in the District Court, the United States Court of Appeals (174 F. 2d 914) affirmed Chief Judge KIRKPATRICK's ruling that "The prior adjudication disposed of the entire issue of the recovery of all damages of every kind arising from malicious inducements of breach of contract, including counsel fees."

conclusiveness of the prior litigation cannot be negatived. Appellants have had their day in court and cannot now relitigate the same cause of action against the same party or against its agent individually by a mere assertion of an erroneous assessment of damages.

*Security Trust Company of Pottstown v. Feist*, 333 Pa. 536, 5 A. 2d 119, is relied upon by appellants to support their contention that the present action is against Goldman as an individual and not as a representative of the corporation. It was there properly held that the doctrine of *res judicata* does not generally apply where a party appears in two proceedings in different capacities, first as trustee, and second in his own right. That case is wholly inapposite here where the cause of action is based upon the act of the agent. His act is also the act of the corporation. Satisfaction from one of a judgment obtained as a result of judicial determination, precludes an action against the other.

No useful purpose would be served by a discussion of other cases relied upon by appellants. It is sufficient that they are not in conflict with the conclusions here reached and do not better appellants' position.

Judgment affirmed.