## Fleming, Appellant, *v.* Strayer.

Argued April 12, 1951. Before STERN, STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.

*Lester L. Fleming,* with him *John D. Faller, Jr.,* for appellants.

*Donald Beard Waltman,* with him *George M. Houck* and *Edwin M. Buchen,* for appellees.

OPINION BY MR. JUSTICE CHIDSEY, May 21, 1951:

The appellants, Lester Fleming and Hattie Fleming, his mother, were plaintiffs in a bill in equity filed against appellee, Clyde R. Strayer, seeking specific performance of alleged agreements for the sale of real estate. Preliminary objections thereto by the defendant Strayer were sustained. Plaintiffs filed an amended bill in which Rife, Inc. was joined as a defendant on the ground that the latter was the grantee in a deed from Strayer for real estate which included the two pieces of land in controversy. Preliminary objections were then filed by both defendants to the amended bill and sustained. This appeal followed.

The bill on its face discloses that appellant, Lester Fleming, claims under an alleged contract with the appellee, Strayer, for the sale of a tract of land and that the appellant, Hattie Fleming, claims under an alleged contract with Strayer made at a different time

and for a different tract of land. It is not alleged that either appellant had any interest in the alleged purchase made by the other. The causes of action are clearly separate and independent claims of each appellant against the appellee Strayer, and not a joint claim conferring a joint right of action. Such joinder of parties plaintiff is not permissible. See Equity Rule 36; *Ryan v. Reddington,* 240 Pa. 350, 87 A. 285; *Price v. Hurley,* 201 Pa. 606, 51 A. 339. At the oral argument we permitted an amendment to the bill discontinuing as to the claim of Hattie Fleming.

The bill alleges that appellee, Strayer, orally agreed to sell an acre of land to appellant, Lester Fleming, on January 23, 1945, and in order to meet the requirements of the Statute of Frauds (Act of March 21, 1772, 1 Sm. L. 389, Sec. 1, 33 PS §1), relies upon three separate writings, the first of which is a receipt dated May 28, 1945, attached as Exhibit "A" to the bill, which, without any vendee or recipient named, reads as follows: "May 28, 1945 Received $150.00 for 1 acre of land at road corner beginning at corner of road and extending 200 ft. in front along the Gettysburg-Harrisburg Road and back far enough to make one acre along the Sydnesburg Road. This payment is final and in full for the acre. Price of house to be approximately $4000.00 C. R. Strayer"; a receipt given by Strayer to Hattie Fleming, dated June 23, 1945, attached as Exhibit "C" to the bill, covering a different piece of property, which reads as follows: "6/23/45 Received of Hattie Fleming $500.00 for two lots, one acre each, or two acres next to Lester Fleming's lot along Gettysburg Highway towards Harrisburg, 400 ft. along road, price $700 for two acres and houses to cost $5000 or more. C. R. Strayer", and the following letter, attached as Exhibit "B" to the bill, apparently written by appellant Lester Fleming to Strayer, dated June 3, 1946, which reads as follows: "Dear Clyde: This will confirm our

telephone conversation on Sunday, June 3, 1946, regarding the payment of the balance due on the land purchased from you. There is accordingly enclosed a check of $200.00 in payment of the balance due on the two acres of land purchased which adjoin on the side towards Harrisburg the acre I purchased from you sometime ago. These two acres cost $350.00 each or a total of $700.00 of which $500.00 has been paid. It is requested that the deed for these two acres as well as for the other acre purchased by me be prepared in the name of Lester L. Fleming. In order that this transaction may be closed, I hope that the deed can be prepared promptly. Many thanks for giving this matter your kind attention. Very Sincerely, Les."

Appellees' contention, raised in their preliminary objections, that these writings were insufficient to satisfy the statute, was upheld by the lower court. We are disposed to agree for the reasons stated by the hearing judge, but it is unnecessary to discuss this phase of the case. Appellant, Lester Fleming's cause of action with which we are now solely concerned was conclusively adjudicated against him by the Superior Court. See *Fleming v. Strayer,* 163 Pa. Superior Ct. 607, 63 A. 2d 122. Appellees specifically raised the defense of *res judicata* as to Lester Fleming's claim in their preliminary objection based upon this decision of the Superior Court which was referred to by complainants in the original bill. See *Jones v. Costlow,* 354 Pa. 245, 47 A. 2d 259.

We are now presented with the same subject matter, the same cause of action, and the same parties in their respective individual capacities. Rife, Inc., added as a defendant in the amended bill, is clearly a privy of Strayer as the latter's grantee. When a court of competent jurisdiction has determined a litigated cause on its merits, the judgment entered and not reversed on appeal is, as between parties to the suit and their

privies, final and conclusive with regard to every fact which might properly be considered in reaching a judicial determination and with regard to all points of law relating directly to the cause of action in litigation. *Blum v. Goldman,* 366 Pa. 527, 79 A. 2d 248; *Jones v. Costlow,* supra; *Federal Land Bank of Baltimore v. Putnam,* 350 Pa. 533, 39 A. 2d 586; *Hochman v. Mortgage Finance Corporation,* 289 Pa. 260, 137 A. 252; *Wallace's Estate,* 316 Pa. 148, 174 A. 397.

In the prior proceeding appellant Fleming relied upon the two receipts, Exhibits "A" and "C" above set forth, and three other writings. In the present proceeding the latter are not set forth and reliance is placed upon the two receipts, Exhibits "A" and "C" and Exhibit "B", a letter of self-serving character, written by Fleming to Strayer more than a year after his alleged receipt (Exhibit "A") for the property purported to be purchased by him. In his original bill and in his brief Fleming states that Exhibit "B" was inadvertently omitted in his first action. The binding effect of a former adjudication does not depend upon the evidence or arguments presented: *F. B. Myers v. Kingston Coal Co.,* 126 Pa. 582, 17 A. 891; *Kay v. Gray,* 30 Pa. Superior Ct. 450. Inadvertent omission of available evidence is never an acceptable ground for a new action or a new trial: *Jones v. Costlow,* supra; *Federal Land Bank of Baltimore v. Putnam,* supra; *Wallace's Estate,* supra; *Roney v. Westlake,* 216 Pa. 374, 65 A. 807.

In a brief filed by appellant Fleming after the oral argument, it is contended that since the amended bill superseded the original bill and contained no reference to the prior judgment of the Superior Court, the defense of *res judicata* may not be interposed by preliminary objections. While this Court has said that where an amended pleading is filed it is virtually a withdrawal of the original (*Skelton v. Lower Merion Township,* 318 Pa. 356, 178 A. 387; *Atherton v. Clear-*

*view Coal Co.,* 267 Pa. 425, 110 A. 298), this does not mean that *ipso facto* the amended pleading is no longer a part of the record for any purpose whatsoever. It is fundamental that the facts essential to a plea of *res judicata* must appear of record before the question can be properly raised (*Jones v. Costlow,* supra), but it is sufficient if it appears in any pleading upon the face of the record: *Schlichtman v. Crawford,* 337 Pa. 497, 12 A. 2d 52.

When preliminary objections were filed to the original bill and sustained, reference to the prior judgment referred to therein was advisedly omitted in the amended bill. Appellant could not thus avoid the application of the doctrine of *res judicata.* The admission of the existence of the prior judgment still appeared upon the face of the record. It may be added that obviously the prior judgment would be successfully interposed if the preliminary objections were dismissed and the appellees required to answer.

Decree affirmed, costs to be paid by appellant.