Goldstein, Appellant, *v.* Ahrens.

Argued September 29, 1954. Before STERN, C. J., STEARNE, JONES, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*George S. Goldstein,* with him *Rynd & Olmes* and *Louis Vaira,* for appellants.

*Breene, Brewster & Breene,* with them *McGill & McGill,* for appellees.

OPINION BY MR. JUSTICE CHIDSEY, November 8, 1954:

On July 17, 1951 the appellants instituted in the Court of Common Pleas of Venango County to No. 1 August Term, 1951, an action in equity against the appellees seeking to restrain the latter from alleged interference with appellants' operations under an oil and gas lease of premises of which appellees had become the owners subject to the lease. In their complaint the appellants also sought damages caused by such alleged interference. During the pendency of preliminary objections to the complaint filed by appellees, the latter caused a judgment in ejectment to be

confessed, as provided for in the lease, on the ground that appellants had breached a covenant of the lease by their failure to conduct operations for the production of oil for a space of more than 30 days. It was provided in the lease that in case of such cessation of operations the lease and all rights and privileges should immediately terminate and become null and void. Appellants ceased operations on or about November 22, 1950 and had not resumed operations at the time appellees confessed judgment in ejectment against them on November 28, 1951.

Appellants petitioned the court to open the judgment, averring that their continued cessation of operations was due to appellees' interference with their rights, and set forth in their petition the same acts by appellees relied on in their complaint in equity as constituting the alleged interference. The appellees filed an answer to the petition to open judgment and depositions of considerable length were taken. After argument the court found from the testimony that appellants' discontinuance of operations was not caused by any acts or conduct on the part of appellees but was attributable to the failure and neglect of appellants, and discharged the rule to show cause issued on the petition.

Appellants appealed to this Court and on their petition the entire record in the equity suit as well as the record in the proceedings to open judgment were incorporated in the record on appeal and both were considered by this Court. In affirming the order of the court below we held there had been no abuse of discretion in refusing to open the judgment: See *Ahrens v. Goldstein*, 376 Pa. 114, 102 A. 2d 164.

In answering appellants' contention that the court below having assumed jurisdiction in the equity case should have "retained its jurisdiction and opened the

judgment", we said: ". . . [Appellants] rely on the principle that where a court in equity has assumed jurisdiction for one purpose, it will retain it for all purposes. However, this principle is not inflexible in its application, being permissive rather than peremptory. Its exercise lies within the discretion of the court. Appellants proceeded to have the case heard on the merits in the ejectment proceeding, the disposition of which resolved the entire controversy between the parties. Only after a determination adverse to them did they question the propriety of the court's action. We find no abuse of discretion on the part of the lower court.".

Although all the issues in the controversy between the parties were fully resolved, as stated in our opinion, appellants sought to relitigate the issues in the court below. On March 30, 1954 appellants presented a petition claiming that the original equity action was still pending and seeking a hearing and the taking of testimony for the determination of the issues which had been passed on and finally determined by our decision in the prior appeal. On the same day the court below filed an opinion in which it referred to our decision and held that all issues between the parties were finally resolved thereby excepting appellants' claim for damages suffered by reason of appellees' interference with appellants' operations for gas and oil under the lease, and made an order fixing a hearing for the taking of testimony on the question of damages and dismissing the bill in equity as to all other matters. Under this order of March 30, 1954 a hearing was held, testimony was adduced by appellants and thereafter, on April 26, 1954, the court dismissed appellants' petition. This appeal followed.[1]

---

[1] Appellants objected in the court below to proceeding with this hearing on the ground that the court's order should have directed hearing on all of the issues involved in the original equity action,

We are at a loss to understand the court's order of March 30, 1954. It had determined at the earlier proceeding that there had been no interference by appellees with appellants' operations. This finding of the lower court was discussed and upheld in our decision on appeal and necessarily disposed of the claim for damages by appellants which was based on such alleged interference.

When a court of competent jurisdiction has determined a litigated cause on its merits, the judgment entered and not reversed on appeal is, as between the parties to the suit and their privies, final and conclusive with regard to every fact which might properly be considered in reaching a judicial determination and with regard to all points of law adjudged as those facts and points of law relate directly to the cause of action in litigation. *Fleming v. Strayer,* 367 Pa. 284, 80 A. 2d 786; *Blum v. Goldman,* 366 Pa. 527, 79 A. 2d 248; *Jones v. Costlow,* 354 Pa. 245, 47 A. 2d 259.

In *Hochman v. Mortgage Finance Corporation et al.,* 289 Pa. 260, 137 A. 252, Mr. Justice KEPHART, speaking for the Court, said: "It is a general principle of public policy, making for the general welfare, for the certainty of individual rights, and for the dignity and respect of judicial proceedings, that the doctrine of res adjudicata should be supported, maintained and applied in proper cases. Nor should its application be restricted by technical requirements, but a broad view should be taken of the subject, having always in mind the actual purpose to be attained. . . .".

The court below should have refused to entertain the appellants' petition which was palpably an attempt

---

and not be limited to the question of damages. Appellees, on the other hand, objected to the hearing being held and introduced no testimony, claiming that the court should have dismissed appellants' petition because all of the issues raised therein had been finally disposed of in the earlier proceeding.

to relitigate a controversy which had been fully resolved. The petition should have been dismissed. It follows that any further proceedings which were had as the result of the court's order, above referred to, were nugatory, and it is unnecessary to consider them or the contention of appellants based thereon.

The appeal is dismissed at appellants' cost with direction that the court below enter an order dismissing generally the bill in equity at No. 1 August Term, 1951.