## Philadelphia v. Schreiber

*Sheldon L. Albert*, for plaintiff.
*Max H. Walls*, for defendant.

GELFAND, *J.*, July 1, 1977—The matter before this court arises out of a complaint in equity brought by the City of Philadelphia (hereinafter referred to as the "city") against one David Schreiber (hereinafter referred to as "defendant"). Defendant at all times material to this action was the owner of a fruit stand located on the south side of Hunting Park Avenue, east of Whitaker Avenue, in Philadelphia.

The facts of this case indicate that on March 25, 1974, defendant applied to and received from the Philadelphia Department of Licenses and Inspections, Permit Issuance Section, a zoning and use registration permit for a temporary carport. The zoning and use registration permit issued to defendant granted him permission to erect the carport four feet back from property line. This property line begins at the end of the Hunting Park Avenue footway which is 20 feet in width. Defendant was

granted said permit only after being advised that no encroachment upon the footway was permissible.

On or about August 8, 1974, defendant or his agent was served by a representative of the Philadelphia Department of Streets with a notice that he was in violation of section 9.205(4) of the Philadelphia Code (since re-numbered: §9.205 (8)(m)) in that a fruit stand which defendant had erected in front of the aforementioned property was encroaching upon the footway area of Hunting Park Avenue. Section 9.205(4) provides in part, that: "No goods, wares or merchandise, by themselves or in stands, whether for sale or otherwise, may be displayed, sold or placed on any part of the sidewalk of any street so as to reduce the footway space to less than 6 feet, except as provided by regulation of the Department of Streets."

Defendant did not comply with the city's request to remedy this alleged violation. Thereafter, a code enforcement complaint was brought by the city. On November 29, 1974, a hearing was held in the Municipal Court of Philadelphia in which it was determined that defendant was, in fact, violating section 9.205(4). That court ordered the encroachment removed.

Following the hearing and determination of the Municipal Court, defendant petitioned the Philadelphia Board of Licenses and Inspections Review (hereinafter referred to as "the board") for redress. The board heard defendant's argument and in October, 1975, upheld his position granting him an exception to maintain the encroachment. (See defendant's Exhibit A.)

In November, 1975, a representative of the Department of Streets again inspected the premises at issue here, determined that defendant was in violation of section 9.205(4), in that his fruit

stand was encroaching upon the footway area, and served him with a violation notice requiring him to remove the encroachment. Defendant refused to comply.

The city now comes before this court with a complaint in equity, basing the jurisdiction of this court upon section 9.103(1) of the Philadelphia Code which states in part, that:

"In addition to any penalty imposed by this Chapter and any other remedy at law or in equity under this Title, the City may apply to a Court of Common Pleas or the County Court of Philadelphia for appropriate relief at law or in equity to enforce compliance with, or restrain violation of any provision of this Title."

Defendant does not claim that he has not been in technical violation of section 9.205(4); but rather that the board had granted to him an exception to this code provision exempting him from its requirements. On this basis defendant claims that this court lacks jurisdiction over the matter. Defendant's view is that the issues before this court have already been determined by the board and, thus, this action is barred by the doctrine of res judicata.

The initial issue this court must face, then, is whether it possesses the jurisdiction to determine the matter. Upon examination of the memoranda of law submitted and argument heard, this court determines that it does have jurisdiction over this matter. Defendant's view is based upon his mistaken belief that the city is before this court by means of an appeal of the board's action, and an attempt to reinstate the determination of the Municipal Court that defendant was violating section 9.205(4) in August, 1974. However, this is not

the case. The city is not attempting to reinstate the Municipal Court's determination that defendant was violating section 9.205(4) based upon the violation notice of August, 1974, but rather the city has instituted an entirely new action based upon defendant's refusal to comply with the violation notice he received in November, 1975. The city's complaint before this court then, deals solely with defendant's activity from November, 1975, and not prior. On this basis it is apparent that this court does have jurisdiction over this matter based upon section 9.103(1).

Furthermore, even if defendant were correct in his view that the city is attempting to reinstate the Municipal Court determination through appeal to this court, his argument would still fail. The efficacy of this court's consideration of the matter would then rest upon the fact that the city raises the question of jurisdication of the board in granting the exception to section 9.205(4) to defendant which is the basis of defendant's defense.

The cases make clear that an attack on the jurisdiction of a decision-rendering court or board may always be raised in a collateral proceeding: Smith v. Gallagher, 408 Pa. 551, 185 A. 2d 135 (1962). An attack on jurisdiction may be heard at any time and is not prohibited by res judicata and collateral estoppel doctrines: Fowler v. Eddy, 110 Pa. 117, 1 Atl. 789 (1885); Simpson's Estate, 253 Pa. 217, 98 Atl. 35 (1916); Adam Eidemiller, Inc. v. State Hwy. & Bridge Auth., 408 Pa. 195, 102 A. 2d 911 (1962). Further, in its decision the board itself noted that its determination does not preclude the city from opening the case if in the future a hazardous or dangerous condition arises to pedestrian traffic. (Defendant's Exhibit A.)

As noted earlier, defendant does not deny that he is technically in violation of section 9.205(4). Defendant's only claim is that he was granted an exception to maintain the encroachment of the Hunting Park Avenue footway by the board on October 1, 1975. Therefore, the only issue remaining for consideration by this court is whether the board had the power to grant the exception it granted to defendant on October 1, 1975.

The city maintains that the exception granted to defendant by the board was null and void and, thus, cannot be raised as a valid defense to its complaint. The city argues, and this court agrees, that the board's action in overturning the Municipal Court adjudication violated the doctrine of res judicata and was an attempt to create jurisdiction of this matter in a body which did not have such.

The res judicata doctrine stands for the principle that the judgment of every court on matters within its jurisdiction is conclusive on every other court: Com. ex rel. v. Speer, 267 Pa. 129, 110 Atl. 268 (1920); Marsh v. Pier, 4 Rawle 273 (1833). Under this doctrine, a judgment on the merits in a prior suit involving the same parties or their privies bars a second suit on the same cause of action: Lawlor v. National Screen Service Corp., 349 U.S. 322 (1955).

Defendant here was served initially with a violation notice pertaining to his encroachment of the Hunting Park Avenue footway in August, 1974. When defendant failed to comply with the notice, the city brought a code enforcement action in Municipal Court. There is no allegation that the Municipal Court was not a court of competent jurisdiction. The Municipal Court, upon a full hearing, determined on the merits that defendant's en-

croachment on the footway was illegal and ordered him to remove it. Defendant did not appeal this adjudication and order to the court of common pleas, the exclusive method of appeal from the Municipal Court.[1] Instead, defendant petitioned the board in an effort to handle the matter collaterally and avoid the need to appeal from the Municipal Court judgment.

When a court of competent jurisdiction has determined a litigated cause on its merits, the judgment entered and not reversed on appeal is, as between the parties to the suit and their privies, final and conclusive with regard to every fact which might properly be considered in reaching a judicial determination and with regard to all points of law adjudged as those facts and points of law relate directly to the cause of action in litigation: Goldstein v. Ahrens, 379 Pa. 330, 108 A. 2d 693 (1954); Fleming v. Strayer, 367 Pa. 284, 80 A. 2d 786 (1951); Blum v. Goldman, 366 Pa. 527, 79 A. 2d 248 (1951); Jones v. Costlow, 354 Pa. 245, 47 A. 2d 259 (1946).

In Hochman v. Mortgage Finance Corp. et al., 289 Pa. 260, 137 Atl. 252 (1927), the court said:

"It is a general principle of public policy, making for the general welfare, for the certainty of individual rights, and for the dignity and respect of judicial proceedings, that the doctrine of res adjudicata should be supported, maintained and applied in proper cases. Nor should its application

---

1. "Rule 117. Appeals

"Any party may appeal from a judgment or final Order of this Court by filing a Notice of Appeal with the Prothonotary of the Court of Common Pleas and otherwise perfecting such appeal, in the manner and within the time prescribed by the Rules of said Court. . . ."

be restricted by technical requirements, but a broad view should be taken of the subject, having always in mind the actual purpose to be attained. . . ."

The board should have refused to entertain defendant's petition which was palpably an attempt to relitigate a controversy which had been fully resolved. The petition should have been dismissed. The board lacked jurisdiction and, therefore, its grant to defendant of an exception to section 9.205(4) was null and void, and cannot be raised as a defense to this action.

Accordingly, April 28, 1976, this court did order and decree as follows:

## ORDER

Ordered and decreed that defendant, his agents, lessees, heirs and assigns, shall forthwith cease and desist from maintaining or operating the premises on the south side of Hunting Park Avenue, east of Whitaker Avenue, Philadelphia, Pa, in any manner inconsistent with the Philadelphia Code. It is further ordered and decreed that defendant, his agents, lessees, heirs and assigns shall forthwith take appropriate action to bring the subject premises into compliance with Title 9 of the Philadelphia Code by removing the encroachment upon the footway area.

Defendant shall pay the costs of this action.