Weiner *v.* Targan, Appellant.

Argued November 14, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and WHITMORE, JJ.

*Abraham Wernick* of *Evans & Wernick,* for appellant.

*Sundheim, Folz & Sundheim,* for appellee.

OPINION BY LINN, J., December 12, 1930:

In view of the serious nature of the charges made

by defendant in his petition to open the judgment, we may perhaps express regret that plaintiff did not file an answer to the petition, so that, after depositions in support of their claims by the respective parties, the merits of the controversy might have been finally considered on the facts; instead, we can now deal only with defendant's averments to the effect that the judgment was procured by fraud on the court below and on the defendant, alleged to have been perpetrated by plaintiff, his counsel, defendant's insurer and his trial counsel, when, in fact, the evidence hereafter to be taken may show that there was no culpable misconduct on the part of any one accused.

The appeal is from an order striking off defendant's petition for a rule to show cause why judgment against him on a verdict after trial by jury in an accident case should not be opened. Instead of answering the rule and creating an issue on which the facts might have been found, plaintiff moved to strike off the petition and rule on two grounds: 1, that judgment on a verdict after trial cannot be opened after the term; 2, that the facts averred as ground for opening judgment were the same as those asserted in a motion for a new trial which had been refused within the term.

Defendant's petition to open was supported by affidavits of witnesses attached to the petition stating facts which defendant asked leave to prove by depositions. As no answer was filed by plaintiff, we for present purposes, must assume that the facts are as averred by defendant.

Plaintiff sued for damages, alleging that while a pedestrian on a side walk, he was injured by defendant's automobile, driven by defendant's son, coming into collision with another car and running up on the sidewalk. Defendant was insured by Indemnity Exchange of America, and pursuant to the policy, sent the summons to the insurer. Its attorney entered an

appearance for defendant. Plaintiff filed a statement of claim and served a copy on counsel of record, who, so defendant contends, did not advise him of the nature of the claim. He was not informed that the case was on the trial list, nor was he notified to be in court, but by letter, he was requested "to send" his son at 9:15 on the day of trial; it is not clear whether the son was to be sent to court or to the attorney's office; there is no averment that the son was subpoenaed. Through oversight that would ordinarily not furnish ground for relief after verdict, the son was not in court at the time when he should have been there; it is said that he forgot that he had been notified to appear and that he did not arrive until after the evidence was in, and while the judge was charging the jury.

Before any evidence was taken, counsel in court for defendant, had the following entry made on the stenographer's notes: "Mr. Kitchen: I ask that it be noted of record that the defendant is not present in court when the case is called for trial and that the case is now being tried ex parte." No formal withdrawal of counsel's appearance for defendant was filed; nor does it appear that leave of court to withdraw from the trial was obtained (cf. Spector v. Greenstein, 85 Pa. Superior Ct. 177); on the contrary, after verdict, a motion for a new trial was filed by counsel of record. It does not appear that a motion to continue the trial was made, or that the court was asked temporarily to delay trial pursuant to Rule 121 of the court below, until the witness could be brought in by attachment or otherwise, or that defendant's presence was essential or desired. It was of course defendant's duty, if properly notified, to have his witnesses in court; and his son, who was driving his car, should have been there, especially if he had been subpoenaed. While it does not appear whether Mr. Kitchen remained in court during the trial, the record shows that plaintiff,

his wife and his employer testified without cross-examination. The only evidence that an accident happened was given by plaintiff, the other witnesses testifying to alleged damage. It is to be noted at this point, however, that when the case was called for trial, defendant had one very important witness in court, who was sent away without being called to testify. This witness, the policeman, Stevenson, declares in one of the affidavits mentioned, that he was in court pursuant to subpoena served on defendant's behalf by the indemnity company.

The jury rendered a verdict for plaintiff. Three days later, a motion for a new trial was filed. In support of the motion, it was asserted by defendant's counsel (1) that the date of trial had been "inadvertently overlooked" by defendant who could not get his son in court "until the court was charging the jury;" (2), "Because of after-discovered evidence, which the plaintiff by the utmost diligence, could not have discovered before this trial, in that he was informed after the trial, that in the court room on the day of the trial, the plaintiff, seeing Officer John Stevenson in court, who was a witness subpoenaed by defendant's attorney, approached said Officer Stevenson and said: 'Were you there when Targan's automobile ran on the sidewalk?' and Officer Stevenson answered, 'Yes I was there, but you were not.' Whereupon the plaintiff, Weiner, responded: 'I know I was not.' (3) Because the plaintiff was not struck by defendant's car and improperly claimed he was." No depositions were taken to prove the allegation of after-discovered evidence, nor was there an affidavit that the statements made in the motion were true; (cf. Ralston v. P. R. T. Co., 267 Pa. 279, 282, where a petition for the consideration of such evidence was first called to the attention of the court on appeal). The motion was refused February 25th, perhaps because nothing had

been offered to warrant consideration of it. Judgment was entered February 27th, and at the next term, on April 9th, the petition to open the judgment was filed.

The witness, Stevenson, swears that he was on police duty a short distance from the place of collision when it occurred, and immediately went there and took the license numbers of the drivers and other data. His affidavit continues: ''In pursuance to the subpoena that I received from the attorney for the insurance company, I was in court on January 20, 1930. At the time I received the subpoena, I did not realize .that the Weiner that was suing Mr. Targan was the same person that had talked to me on the date of the accident but when I was in court on January 20th, and when the case was called and I saw Mr. Benjamin Weiner go up to the table and sit near his lawyer, then it occurred to me that it must be the same Weiner that talked to me that day that was suing Targan. When Mr. Weiner walked to the rear of the court room to talk to his wife, as he was passing me going back to the counsel table, I said, 'Say Weiner, are you claiming .that you were in the accident down at 6th and Ritner Street?' He said 'No, I am not claiming that? I said, ·'You better not because you know you will be committing perjury and you are liable to go to jail,' and he said 'I know. I am not claiming that I was hurt.' I saw him talk to his attorney and tell him what happened between him and myself. The adjuster for the insurance company was sitting near me and asked me what Mr. Weiner said to me. After he told me that he was the adjuster for the insurance company, I told him the entire conversation. Then he went over to Robert Kitchen, the attorney. Then Mr. Kitchen and the adjuster told me that I was dismissed as a witness, that they could not use me because Mr. Targan did not show up in court and since

he showed no interest in the case, the insurance company would not bother with it any more.''

Though the indemnity policy is not before us, we infer, from what is stated, that the insurance company was defending pursuant to its contract and that it was required to do so by the policy; (on the effect of such conduct, see Malley v. American Indemnity Co., 297 Pa. 216; Moses v. Ferrel, 97 Pa. Superior Ct. 13). As the petition to open judgment is filed by other counsel for Targan than the insurance company's attorney who appeared for him at the trial, it is possible that defendant's omission to have his son in court, and perhaps his own absence when the case was called for trial, may be or may have been asserted by the insurer as ground for denying liability to pay the judgment, for, of course, if the insurer had been willing to pay the judgment, the defendant would not now be seeking to open it. In his petition, defendant avers that he ''has been advised by the attorney for the insurance company that he would have to pay. the verdict .......'' The relation of the insurer and insured required a high degree of good faith in the conduct of the indemnity company's counsel generally, and especially when the case was called for a trial in which he had undertaken to present the defense to the claim; see N. Y. C. R. R. Co. v. Mass. Bonding etc., Co., 184 N. Y. S. 243, in which the court said: ''When a casualty company, to protect itself from liability, assumes the defense of an action, to the entire exclusion of the defendant on the record, it should be held to a strict rule of good faith in conducting the defense [citing cases] and when, in its own interest, it deprives the defendant of a substantial advantage in the course of a trial, it should be held liable for the damages naturally resulting thereby.'' See also Brassil v. Maryland Casualty Co., 210 N. Y. 235.

The allegation that plaintiff informed his counsel

of what he said to Stevenson and of Stevenson's reply, and that notwithstanding, plaintiff's counsel proceeded with the trial, takes on special importance in connection with the conduct of defendant's trial counsel and its adjuster in dismissing the witness Stevenson after being informed by him of his conversation with plaintiff.

The facts alleged, if subsequently found on sufficient evidence, constitute such extrinsic or collateral fraud and imposition on the court and on defendant as to vitiate the judgment and to require a new trial even after the term, within the rule recently applied in Willetts v. Willetts, 96 Pa. Superior Ct. 198 and cases on the subject cited in that opinion at pages 204 et seq.

The order striking off the petition to open is reversed; the petition and rule to show cause are reinstated, and the record is remitted for further proceedings.