### In re PUTNAM (two cases).

District Court, W. D. Pennsylvania.

Feb. 10, 1938.

Ralph F. Joyce, of Meadville, Pa., Conciliation Commissioner, Con F. McGregor, and Rose, Bechman & Dunn, all of Pittsburgh, Pa., for Bessie L. Putnam and Xeno W. Putnam.

William J. Aiken, of Pittsburgh, Pa., and John L. Bitner, Peyton G. Jefferson, and I. P. Whitehead, all of Baltimore, Md., for Federal Land Bank of Baltimore.

GIBSON, District Judge.

Xeno W. Putnam and Bessie L. Putnam are the joint owners of 185 acres of land in Crawford County, this District. They mortgaged this tract on August 7, 1917, securing $6,500 from the Federal Land Bank of Baltimore. Due to default the mortgagee instituted foreclosure proceedings, the property being advertised for sale on May 10, 1935.

On April 26, 1935, Xeno W. Putnam filed a petition for composition and extension under Section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203. The petition was referred to a Conciliation Commissioner and hearings were held thereon. The Commissioner reported that the debtor had not farmed over an acre of land for over fifteen years; that he had no assets other than personal property of a nominal value; that he had no present income other than small sums received for magazine articles; that he had no livestock on the farm; that taxes had not been paid on the property for six years, and that the debtor had failed to show any feasible plan whereby his debts could be paid if an extension were allowed. After the receipt of this report the court dismissed the petition on June 25, 1936, whereupon the Federal Land Bank proceeded with its sale, the property being advertised at Sheriff's sale for September 11, 1936. On September 1, 1936, Xeno W. Putnam filed his second petition under Section 75, in which he asked for composition and extension. On September 10, 1936, Bessie L. Putnam filed her petition in this court under the same Act and with the same prayer. These petitions were referred to a Conciliation Commissioner who, after hearing, reported on May 5, 1937, that Bessie L. Putnam was, and Xeno W. Putnam was not, a farmer. He found, however, that each of the petitioners had failed to comply with the requirements of Section 75 of the Bankruptcy Act, and had not offered a feasible plan of rehabilitation. Pursuant to the report of the Conciliation Commissioner, both petitions were dismissed. Petitioners have each prayed the vacation of the order of August 5, 1937, in a petition which submits no new offer or plan.

As to Xeno W. Putnam, the matter is plainly res adjudicata, he having filed

a prior petition which was dismissed. As to each petitioner, irrespective of the previous adjudication, no showing has been made which would justify the court in vacating its prior order. It is regrettable, but plain, that the petitions fail to set forth a feasible basis for ultimate liquidation of the debts of the petitioners, which is the prerequisite of appeal to the provisions of Section 75 (s) of the Bankruptcy Act.

No proper showing having been made for the vacation of the orders of dismissal, the petitions of each of the debtors must be denied.