**In re PUTNAM.**

No. 20472.

District Court, W. D. Pennsylvania.

April 8, 1939.

Con F. McGregor, of Pittsburgh, Pa., for petitioner.

Wm. J. Aiken, of Pittsburgh, Pa., for Land Bank.

SCHOONMAKER, District Judge.

This case is before the court on a rule issued on the motion of the Federal Land Bank of Baltimore to dismiss the petition of the above debtor for composition and extension under Section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203; and the further motion to dismiss an amendment to the debtor's petition presented at the time of the argument on the motion to dismiss the petition for composition and extension, by which amendment the debtor is seeking the benefit of Section 75(s).

As to the petition of the debtor for composition and extension under Section 75(s), it is a matter of record in this court that he filed a petition substantially similar on April 26, 1935, which was dismissed by this court on June 25, 1936. On September 1, 1936, debtor filed a second petition under Section 75, which was also dismissed by this court on August 5, 1937. Debtor then filed a petition to vacate the order of August 5, 1937, but submitted no new offers or plans. This last petition was filed at No. 19671 in Bankruptcy. At a hearing before this court, Gibson, Judge, 27 F.Supp. 812, the court refused to vacate the order of dismissal. See Judge Gibson's opinion filed in that case.

From an examination of the record, the debtor's petition, and the testimony of the debtor himself, we find that the present petition is substantially similar to the preceding petitions, and that no new proposals of a practical nature are made. The whole matter is purely res adjudicata.

As to the petition seeking to secure the benefit of Section 75(s), debtor is attempting to amend the petition that has been dismissed by the court, which is really res adjudicata.

In any event, the debtor has not built a case which makes a showing required by Section 75(s). The debtor himself testified he has not been running the farm for profit, that he makes a small garden for his own use. The former reports of Conciliation Commissioners find that not over an acre had been plowed for fifteen years; about eight years' taxes and delinquent interest exist; the debtor has no income, no stock, no equipment, except a tractor bought in 1920.

There would seem to be no reasonable possibility of financial rehabilitation. The debtor's schedules show that for about fifteen years he has been getting into cumulatively worse financial condition.

Under this situation, we cannot find how Section 75(s) can apply. See In re Byrd, D.C., 15 F.Supp. 453.

An order in accordance with this memorandum is filed herewith.