Federal Land Bank of Baltimore *v.* Putnam et al., Appellants.

Argued May 22, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

reargument refused November 27, 1944.

*Elmer McClain,* with him *Xeno W. Putnam,* in propria persona, for appellants.

*John L. Bitner,* with him *Clarence A. Patterson* and *Frank D. Prather,* for appellee.

OPINION BY MR. JUSTICE HUGHES, September 25, 1944:

The appellee filed its petition on September 28, 1942, under the Act of April 20, 1905, P. L. 239, 12 PS 2571, for possession of real estate purchased by the appellee at a sheriff's sale. The petition alleged that in 1917 the appellants, Xeno W. Putnam and Bessie L. Putnam, brother and sister, executed and delivered to the Federal Land Bank of Baltimore a mortgage on lands owned by them, as tenants in common, to secure the repayment of a loan in the amount of $6,500.00; that in 1935 judgment was entered on a scire facias sur mortgage, and on September 15, 1939, the mortgaged property was sold by the sheriff of Crawford County under a writ of levari facias, was purchased by the Federal Land Bank of Baltimore, and the deed recorded. The petition set forth that the Federal Land Bank of Baltimore is the owner of the property and that Xeno W. Putnam and Bessie L. Putnam, in possession, have refused to surrender the property. The petition prayed for a citation requiring them to show cause why possession of the premises should not be delivered up to the petitioner.

The answer filed admitted all of the facts except ownership by the Federal Land Bank of Baltimore, alleging that on September 10, 1936, Bessie L. Putnam filed in the United States District Court for the Western District of Pennsylvania, a petition under the Frazier-Lemke Amendment to the Bankruptcy Act, Section 75, subsection (s), and that on July 2, 1942, and October 19, 1942, she was informed by the clerk of that court that the case was still pending.

The appellants state the sole question involved in this appeal to be, "Did the Common Pleas Court have jurisdiction over the person or of the subject matter so as to have power to issue the order granting to the Federal Land Bank the right of possession of the farm of the defendants-appellants or to conduct the sheriff's sale in foreclosure preceding that order?"

As to this litigation, the lower court states: "The record discloses that during the past several years defendants, on at least five different occasions, have raised issues for consideration of the Court involving jurisdiction of the Court, validity of the Sheriff's Sale, etc., all of which have been decided against defendants, . . . It will be noted that proceedings were instituted in the Federal Courts under Section 75 of the 'Bankruptcy Act' and, that during the same period of time, at least six different petitions have been filed in that Court by defendants, raising somewhat similar questions, all of which were decided against the defendants." On July 23, 1940, the United States Court for the Western District of Pennsylvania filed an order dismissing Bessie L. Putnam's petition under Section 75, subsection (s), of the Bankruptcy Act. The learned judge of the court below stated: "After a careful examination of the pleadings, we are clearly of the opinion that the issue now raised is one of jurisdiction in the State Court to make the Sheriff's Sale, under which the petitioner claims title and right of possession, valid. The present issue is identical with that heretofore raised on exceptions to the

sale, petition to have sale declared null and void and to refuse confirmation of the deed. This Court has already disposed of the instant issue of jurisdiction in at least two written opinions, with orders entered therein as herein stated, holding that the Sheriff's Sale was regular, lawful and valid. Wherefore, we can but conclude that the instant issue is res adjudicata."

In considering the sufficiency of the answer of the appellants, the lower court had before it the reported decision of *In re Putnam*, 27 Fed. Supp. 813, filed April 8, 1939, which stated: "This case is before the court on a rule issued on the motion of the Federal Land Bank of Baltimore to dismiss the petition of the above debtor for composition and extension under Section 75 of the Bankruptcy Act, 11 U. S. C. A. § 203; and the further motion to dismiss an amendment to the debtor's petition presented at the time of the argument on the motion to dismiss the petition for composition and extension, by which amendment the debtor is seeking the benefit of Section 75 (s). As to the petition of the debtor for composition and extension under Section 75 (s), it is a matter of record in this court that he filed a petition substantially similar on April 26, 1935, which was dismissed by this court on June 25, 1936. On September 1, 1936, debtor filed a second petition under Section 75, which was also dismissed by this court on August 5, 1937. Debtor then filed a petition to vacate the order of August 5, 1937, but submitted no new offers or plans. This last petition was filed at No. 19671 in Bankruptcy. At a hearing before this court, GIBSON, Judge, 27 F. Supp. 812, the court refused to vacate the order of dismissal. See Judge GIBSON's opinion filed in that case. From an examination of the record, the debtor's petition, and the testimony of the debtor himself, we find that the present petition is substantially similar to the preceding petitions, and that no new proposals of a practical nature are made. The whole matter is purely res adjudicata. As to the petition seeking to secure the

benefit of Section 75 (s), debtor is attempting to amend the petition that has been dismissed by the court, which is really res adjudicata."

On July 19, 1939, the appellee issued a writ of levari facias and a sheriff's sale was held on September 15, 1939. On August 23, 1939, Bessie L. Putnam filed a petition asking adjudication as a bankrupt under subsection (s) of Section 75 of the Bankruptcy Act, and the United States Court dismissed that petition on July 9, 1940. The record also shows that on September 21, 1939, Bessie Putnam petitioned to set aside the sheriff's sale, which was denied in an order of court on July 23, 1940. This order was entered at a time when no bankruptcy proceedings were pending and the lower court had full jurisdiction of the parties and the subject-matter. In that proceeding the question of the jurisdiction of the State court was raised and determined. The question brought before us is raised by the answer filed to the petition of the appellee on September 28, 1942.

We are of the opinion that the question of the jurisdiction of the State court is now res adjudicata and beyond collateral attack in this proceeding. In *Union Joint Stock Land Bank of Detroit v. Byerly*, 310 U. S. 1, 84 Law. Ed. 1041, 60 Sup. Ct. 773, in facts quite similar to those in this case, it was held that the confirmation of a foreclosure sale by a State court during an interim between the dismissal and reinstatement of proceedings in bankruptcy is not subject to collateral attack in the reinstated bankruptcy proceedings, the Court stating: "The provision for the reinstatement, upon the debtor's motion, of a proceeding theretofore dismissed and finally terminated, cannot affect the jurisdiction of the court conducting the foreclosure proceeding when no bankruptcy cause was pending." The question of jurisdiction which the appellants attempt to raise here was in issue in the former actions mentioned and was judicially determined and conclusively settled by the judgments rendered therein and is therefore res adjudicata. It may

not now be again litigated, regardless of the form of the action. In *Wallace's Estate,* 316 Pa. 148, 174 A. 397, it was said: "Broadly stated, the rule of res judicata is, that when a court of competent jurisdiction has determined a litigated cause on its merits, the judgment entered, until reversed, is forever and under all circumstances, final and conclusive as between the parties to the suit and their privies, in respect to every fact which might properly be considered in reaching a judicial determination of the controversy, and in respect to all points of law there adjudged, as those points relate directly to the cause of action in litigation and affect the fund or other subject-matter then before the court. As we said in *Hochman v. Mortgage Finance Corp.,* 289 Pa. 260, 263, 'The thing which the court will consider is whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties actually had an opportunity to appear and assert their rights. If this be the fact, then the matter ought not to be litigated again, nor should the parties, by a shuffling of plaintiffs on the record, or by change in the character of the relief sought, be permitted to nullify the rule.' "

The appellants contend that the question of jurisdiction was not raised in the previous litigation. Having failed to raise the question in the proceedings to which they were parties, and in which they could have raised it and had a final determination, they were not privileged to remain quiet and raise it in a subsequent suit. "Res judicata may be pleaded as a bar, not only as respects matters actually presented to sustain or defeat the right asserted in the earlier proceeding, 'but also as respects any other available matter which might have been presented to that end' ": *Chicot County Drainage District v. Baxter State Bank,* 308 U. S. 371, 378, 84 Law. Ed. 329.

Judgment affirmed.