## Moskowitz *v.* The Prudential Insurance Co. of America, Appellant.

Argued May 29, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Kendall H. Shoyer*, with him *Andrew C. Dana* and *Shoyer, Rosenberger, Highley & Burns*, for appellant.

*Harry Norman Ball*, for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, June 25, 1946:

The question presented by this appeal is whether plaintiff is barred from proceeding with the present suit for disability benefits under insurance policies because of a judgment in a former litigation between the same

parties on the same policies. The court below ruled that the plaintiff was not barred.

Plaintiff, describing himself as "proprietor of bakery", was insured by the defendant company on January 21, 1927, by two of its policies, identical in terms. By each policy $5,000 was payable to the insured's designated beneficiary, but in double the amount in event of accidental death, and with provision concerning insured's total and permanent disability. The disability clause read: "If the Insured shall become totally and permanently disabled, either physically or mentally, from any cause whatsoever, to such an extent that he (or she) is rendered wholly, continuously and permanently unable to engage in any occupation or perform any work for any kind of compensation of financial value during the remainder of his (or her) lifetime . . ." If such disability occurred while the insured was *"less than sixty years of age"* all insurance premiums were thereafter waived and the insurance company agreed to pay the insured $50 per month on each policy during such disability. If, however, disability occurred *"after the insured is sixty years of age"* all future insurance premiums were waived, but no monthly benefits were payable.

On July 3, 1941, plaintiff's right hand was accidentally caught in a machine in the bakery which resulted in the amputation of all of the fingers of plaintiff's right hand, with the exception of the thumb. Plaintiff instituted suit against defendant in December, 1941 in the Municipal Court for six months disability benefits at $100 per month, for the months of July, 1941 to December, 1941 inclusive, amounting to $600 and for $215 the amount of the July, 1941 premiums which he alleged should have been waived and also for $36 interest, a total of $851. On a trial of the issue the question was left to the jury (1) as to the plaintiff's age and (2) whether plaintiff was totally and permanently disabled within the terms of the policy. The jury rendered a verdict in favor

of the plaintiff for the amount claimed. Defendant moved for a new trial and for judgment n. o. v., which were dismissed by the court. On an appeal by the defendant, the Superior Court unanimously, in an opinion by Judge Reno, *Moskowitz v. Prudential Insurance Co.*, 154 Pa. Superior Ct. 362, 35 A. 2d 567, reversed the judgment and entered the same in favor of the defendant. This Court refused an allocatur: 154 Pa. Superior Ct. xxiii.

The basis for the decision was that plaintiff had failed to establish that he had "been rendered wholly, continuously and permanently unable to engage in any occupation or perform any work for any kind of compensation of financial value." We need not again recite the testimony narrated in the opinion. It will suffice to say that plaintiff, as proprietor of the bakery, had developed a successful business in which he employed twenty-one persons. Plaintiff had not only worked manually with his employes, but had managed and supervised the business. Since the accident he performed no work, but "the business prospered and has produced net profits which compare favorably with those of prior years." His reason for not working was that since the accident he had "no interest in the business at all." Judge Reno said, at page 365: ". . . when an insured owns a business to which he is able to contribute substantial physical and mental capacities, or either, he cannot be said to be totally disabled." Again, at page 367: "Appellee has clearly demonstrated, not that he is incapable of managing his business, but that he will not do it. He is disgusted with the business and he deliberately wills to have no part in it. This is understandable. The loss of the hand has probably created a sense of frustration, and the constant consciousness of his inability to do all the things he had formerly done may have produced the desire to withdraw from all activity, and to do nothing. Such a mental attitude might, if psychopathological, afford a basis for finding, under the terms of the policy, that an insured had become mentally disabled. But there is not a particle of proof upon the record to support that

hypothesis. Appellee's only reason for his inactivity, his disgust with the business, will not support a recovery for a total and permanent disability."

In February, 1944 plaintiff again sued the defendant, under the same insurance policies and for the same accident, for disability benefits from January, 1942 to February, 1944 inclusive, twenty-six weeks at $100 per week, a total of $2,600, and for $860 premiums which are claimed should have been waived. The allegations in the present suit are similar to those in the pleadings in the former suit, except that they are for a different period. The averments relate to the *same* disability and not to any *new* disability. No averments in the *pleadings* allege that plaintiff's mental and physical condition became worse *after* the first litigation. The substance of the allegations of the present statement of claim is that plaintiff was totally disabled *before he became sixty years of age,* and that this disability *continued* after December, 1941. Since plaintiff concedes that he became sixty in October, 1941 and that the previous litigation decided that he had *not* been totally and permanently disabled from July 3, 1941 to December, 1941 inclusive, the present statement of claim attempts to re-open issues which have been closed by the prior decision.

It is true that a judgment allowing or disallowing permanent disability benefits is res judicata as to the permanency and totality of the disability *up to the time of the rendition of the judgment,* but is not necessarily conclusive as to *future* disability benefits. Separate causes of action exist for the recovery of benefits for different periods: *United States Fidelity & Guaranty Co. v. McCarthy,* 33 Fed. (2d) 7, cert. denied 280 U. S. 590; *Prudential Ins. Co. of America v. Zorger,* 86 Fed. (2d) 446; *Eminent Household of Columbian Woodman v. Bunch,* 115 Miss. 512; *Berkowitz v. Equitable Life Assur. Soc.,* 21 N. Y. S. (2d) 206. See also annotations 70 A. L. R. 1457; 108 A. L. R. 504; 142 A. L. R. 1170. But this does not mean that because plaintiff sues for benefits for a different period of time the same issues of fact

can be again raised in the second suit. See *Federal Land Bank of Baltimore v. Putnam et al.*, 350 Pa. 533, 538, 39 A. 2d 586; Restatement, Judgments, sec. 68. In the absence of *allegation and proof of a changed factual situation,* it would be indeed anomalous if under the same facts, with no change in plaintiff's condition, varying judgments could be entered for different periods, depending upon the verdicts of various juries. When it has once been established that plaintiff was or was not permanently disabled, such decision, *in the absence of proof of changed conditions,* applies to all subsequent periods.

There are no allegations in plaintiff's statement of claim concerning a *change* in his mental or physical condition. At the hearing, plaintiff's attorney offered to prove that plaintiff's "attitude and condition of mind, as a result of the accident, is psychopathological. . . ." But the whole offer of proof, like the statement of claim, is founded on the theory that disability after December, 1941 was a *continuation* of disability theretofore existing. Since it was previously judicially determined between the same parties that there was no permanent total disability *before* December, 1941 such offer necessarily fails. Even if there had been an offer to prove a *changed* condition, the offer would be improper under the present statement of claim for it would not conform to the allegations therein made: *Penna. R. R. Co. v. Pittsburgh,* 335 Pa. 449, 6 A. 2d 907; *Aland v. P-G Publishing Co.,* 337 Pa. 259, 10 A. 2d 5.

It is to be observed that if plaintiff is subsequently able to aver and prove that after the judgment in the Superior Court his condition changed and he then became permanently and totally disabled, the terms of the policy limit a recovery to the amount of the insurance premiums paid after that date, but which should have been waived. This is for the reason that after October 3, 1941, plaintiff was over sixty years of age.

The judgment is reversed and is here entered for the defendant.