## Karp v. Sun Insurance Office, Ltd., et al. (No. 2)

Before Aponick, Flannery and Lewis, JJ.

*David Yelen, Roy B. Pope* and *Ralph J. Johnston,* for plaintiff.

*Thomas F. Farrell, Jr.,* for defendant.

LEWIS, J., June 3, 1952.—This matter comes before the court on defendants' preliminary objections to plaintiff's amended complaint in trespass.

The facts as alleged in plaintiff's amended complaint are these.

On January 6, 1950, there was a collision between an automobile owned by Anthony Delmonte and driven by James Delmonte, and an automobile owned and driven by plaintiff, Samuel Karp. The Delmontes commenced an action in trespass against plaintiff, and

thereafter plaintiff started suit in trespass against James Delmonte.

At the time of the accident plaintiff carried an automobile indemnity insurance policy with defendants. Pursuant to the terms of this policy, defendants undertook to conduct the defense of Samuel Karp in the action brought against him by the Delmontes. On or about October 23, 1950, without notice to plaintiff, defendants, by stipulation of counsel, settled the Delmontes' suit against Karp in such a way as to bar Karp's claim against James Delmonte. See decision of this court, by Pinola, J., dated January 25, 1951, in the case of Karp v. Delmonte, 41 Luz. 337. Plaintiff alleges that, were it not for the negligent manner in which defendants settled the Delmontes' claim, plaintiff would have a valid cause of action against James Delmonte for damages and injuries sustained as the result of the accident.

Plaintiff now brings this action in trespass against his insurers alleging that defendants have negligently deprived him of his claim against James Delmonte and have therefore, deprived him of the recovery which he could have had against Delmonte.

Defendant has filed three preliminary objections to plaintiff's amended complaint.

Defendants' first objection is:

"1. Defendants move to strike off plaintiff's amended complaint for the following reasons:

"(a) The amended complaint fails to state a cause of action in trespass as disclosed by paragraph 4 of said amended complaint wherein it is alleged that the relationship between the plaintiff and defendants is contractual and arises from a policy of insurance indemnifying the plaintiff against loss.

"(b) The amended complaint does not conform to Pa. R. C. P. 1019(h) in that a copy of the policy pleaded in paragraph 4 of said amended complaint,

upon which plaintiff's claim is based is not attached thereto."

Both parts of defendant's first objection are without merit.

This is not an action for breach of contract. This is an action to recover damages for the alleged negligence of defendants in breaching a duty owed to plaintiff, which duty arose out of the contract.

Actionable negligence may be based on the violation of a duty arising out of a contract.

"Liability for negligence for failure to use proper care may arise out of a contract relationship if the circumstances are such that one party, in the performance of some act within the scope of the relationship, is likely to do injury to the person, property, or rights of the other unless he uses proper care": 65 C. J. S. 344, §4(3).

"The relation of the insurer and insured required a high degree of good faith in the conduct of the indemnity company's counsel . . .": Weiner v. Targan, 100 Pa. Superior Ct. 278, 284.

"In conducting the defense, it is the duty of the insurer to act in good faith, and in a careful and prudent manner; giving the insured its undivided support; otherwise, it is liable for resulting damages, even though such damages exceed the amount limited in the policy, unless insured was guilty of contributory negligence": 45 C. J. S. 1060, §933. See also Weiner v. Targan, supra.

Defendants contend that plaintiff failed to comply with Pennsylvania R. C. P. 1019(h), which provides in part:

"A pleading shall state specifically whether any claim or defense set forth therein is based upon a writing. If so, the pleader shall attach a copy of the writing, or the material part thereof . . ."

Plaintiff is not required to attach a copy of the

insurance policy because this suit is not "based upon a writing." It is based on the alleged breach of duty arising out of the insurance contract. In this case it is not necessary to allege the terms of the contract in detail. It is sufficient that the allegations of the complaint show the contractual relation between the parties and the consequent duty owing by defendants to plaintiff: 65 C. J. S. 887. Moreover, the duty owed need not be specifically set forth in the contract. "The law may impose duties additional to those specified in a contract or independent of it . . .": 65 C. J. S. 349, §4(2).

Defendants' second preliminary objection is:

"2. Petition Raising Pendency of Prior Action.

"Paragraph 20 of plaintiff's amended complaint discloses the pendency of a prior action involving the same subject matter and the same issues which plaintiff by his amended complaint in this action attempts to raise. In addition thereto paragraph 24 of plaintiff's amended complaint discloses that the subject matter is in part res adjudicata."

This objection is likewise without merit.

The prior action whose pendency, it is urged, bars this action is Karp v. Delmonte, 41 Luz. 337. It was in this action that this court held that Samuel Karp was barred from asserting an action in trespass against James Delmonte because of the settlement entered into in the case of Delmonte v. Karp.

In order for a prior pending action to be a bar to a subsequent action the parties to both actions must be the same, both suits be on the same cause of action and the relief asked in both suits must be the same: Hessenbruch v. Markle, 194 Pa. 581.

It is obvious from the captions in these cases that the parties are not the same and examination of the files reveals that the causes of action are not the same.

For these reasons the pendency of the suit of Karp v. Delmonte is not a bar to this action.

Defendant also contends that the prior decision of this court, which held that Samuel Karp was barred from asserting any claim against James Delmonte arising out of this accident because of the settlement entered into in the case of Delmonte v. Karp, is res judicata and bars this action.

This contention is without merit because the parties to the two actions are not the same. See Federal Land Bank of Baltimore v. Putnam et al., 350 Pa. 533. Moreover, as stated above, it is the decision of this court, barring Samuel Karp's suit against James Delmonte, that gives rise to this action, which is based on the theory that plaintiff was wrongfully deprived of a good cause of action against James Delmonte by the negligence of defendants. In addition, the defense of res judicata should be pleaded as "New Matter": Pa. R. C. P. 1030.

We find no merit in defendants' final objection which is as follows:

"3. Demurrer.

"(a) Paragraphs 6 to 15 inclusive of plaintiff's amended complaint set forth a cause of action in trespass against parties or persons other than the parties defendant in this action and as to the defendants it contains conclusions of law and of fact and attempts to raise issues both of law and of fact as between plaintiff and defendant which are immaterial, irrelevant and not susceptible of trial.

"(b) Plaintiff's amended complaint as a matter of law fails to state any action in trespass against defendants."

With the exception of technical objections, defendants' third preliminary objection has already been adequately considered in this opinion.

As to the technical objections which defendants interpose, we fail to see wherein defendants have been injured, or any of their substantial rights affected, by any technical deficiencies in the pleadings, if such do, in fact, exist.

The object of the present procedural rules is to expedite litigation and abolish dilatory pleadings.

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties." Pa. R. C. P. 126.

Accordingly, defendants' preliminary objections to plaintiffs amended complaint are overruled, with leave to defendants to file their answer within 20 days from the date hereof.