In re PUTNAM (two cases).

Nos. 19681, 19164, 19671, 20472.

United States District Court
W. D. Pennsylvania.

April 9, 1953.

Leland J. Culbertson, Meadville, Pa., for intervenors.

Clarence A. Patterson, Baltimore, Md., for Federal Land Bank of Baltimore.

Elmer McClain, Lima, Ohio, for farmer debtors.

GOURLEY, Chief Judge.

In these farmer debtor proceedings the question arises as to whether there is any matter within the jurisdiction of the court which entitled the petitioners to relief.

The matter comes before the court on motion of the Clerk to dismiss each of said petitions as an inactive case, as provided by Rule 5(n) of the Rules of the Court:

"Dismissal of Inactive Cases. In any case in which no proceeding toward bringing it to issue, trial or termination has been taken for a period of three consecutive years, the Clerk shall present the matter to the Court for appropriate consideration."

██ When said rule was promulgated it was intended to have application to all civil cases including bankruptcy or proceedings of a similar nature.

The farmer debtors have objected to the dismissal of each proceeding. The Federal Land Bank of Baltimore and the present owners of the real estate involved have intervened.

The question arises as to whether the petitions filed under the Bankruptcy Act, which relates to farmer debtors, have been administered in accordance with the provisions of law. 11 U.S.C.A. § 203 et seq. Or, in short, is there any matter within the jurisdiction of the court for determination which arises out of the farmer debtor petitions?

The background of our problem involves many details, ramifications and court decisions of the State and Federal courts.

██ It appears that in 1917 Bessie L. Putnam and Xeno W. Putnam, as tenants in common, executed and delivered a mortgage on the lands herein involved to the Federal Land Bank of Baltimore. Petitioners defaulted under the terms of the mortgage, and the real estate was purchased by the Land Bank at Sheriff's Sale after execution issued in accordance with Pennsylvania law. By divers conveyances the real estate has been transferred. Hence the reason for interest of Land Bank and interveners.

Prior and subsequent to Sheriff's Sale petitioners filed various proceedings in the State courts of Pennsylvania, and in this Court under the Frazier-Lemke Amendment to the Bankruptcy Act, § 75, 11 U.S.C.A. § 203.

The State court proceedings were adjudicated and certiorari denied by the Supreme Court of the United States. Federal Land Bank of Baltimore v. Putnam, 350 Pa. 533, 39 A.2d 586, certiorari denied 324 U.S. 882, 65 S.Ct. 1026, 89 L.Ed. 1433, petition for rehearing denied 325 U.S. 894, 65 S.Ct. 1191, 89 L.Ed. 2005.

The proceedings in this court were dismissed for failure of petitioners to set forth a feasible plan for ultimate liquidation of their debts. In re Putnam (two cases), D.C., 27 F.Supp. 812.

Appeal was perfected to the United States Court of Appeals for the Third Circuit and was dismissed on October 19, 1938, but unreported.

Amendments were filed in the proceedings and this court again considered the questions and dismissed each of the petitions. In re Putnam, D.C., 27 F.Supp. 813.

If petitioners desired to preserve the continuity of jurisdiction in the Federal courts as farmer debtors, appropriate appellate review should have been exercised from the decisions of this court.

■ This was not done, and however, erroneous the challenged orders, the remedy for their correction must be by timely application for review or appeal. Bernards v. Johnson, 314 U.S. 19, 62 S.Ct. 30, 86 L.Ed. 11.

■ All of the petitions in this court were properly heard and adjudicated, and the question of jurisdiction, which is now claimed still exists in this court, has been judicially determined and conclusively settled by the judgments rendered therein and is, therefore, res adjudicata.

To grant the relief for which petitioners pray would require me to reverse adjudications made by my fellow colleagues of this court; it would reward delay, neglect and laches; it would weaken the credence and reliability which attorneys could repose upon former adjudications of this court, the Supreme Court of Pennsylvania, and the Courts of the United States; and it would cause serious loss and untold suffering to innocent third parties who have relied upon the decisions of our courts.

It might be well to state if the head of the Bankruptcy Division of the Administrative Office of the United States Courts had not requested the Clerk of this court to take some action in these farmer debtor proceedings, no doubt, they would have remained dormant and inactive in this court for many years to come.

I do not believe there is any right existing in any of the farmer debtor bankruptcy petitions which justifies or requires the court to carry said proceedings as an active case and no relief can be granted.

The petition of the Clerk of this Court to dismiss each of said proceedings as an inactive case shall be granted.

An appropriate Order is entered.