BLUM et al. v. WILLIAM GOLDMAN
THEATRES, Inc.
Civil Action No. 5524.

District Court, E. D. Pennsylvania.
Dec. 19, 1946.

Felix & Felix, of Philadelphia, Pa., for plaintiff.

Barnes, Dechert, Price & Smith, of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

The only part of the decree which calls for comment is the award of damages.

The complaint discloses two distinct causes of action, one in equity and the other at law, and the suit is, in effect, two separate actions tried together. Upon the first cause of action equitable relief is sought consisting of specific performance, injunction and an accounting for profits. Upon the second, damages are claimed.

The only items of damage claimed by the plaintiff are the counsel fee and expenses necessarily incurred by the plaintiff in obtaining the equitable relief which he sought in his other cause of action.

There is no doubt that the general rule is that a party to adversary litigation is ordinarily required to pay his own counsel fees. There are, however, some tort actions in which the courts have recognized exceptions to the rule. In Pennsylvania, for example, in suits for malicious abuse of process or for excessive distraint "Compensatory damages are such as indemnify the plaintiff, including * * * counsel fees and any other actual loss the plaintiff suffered." Barnett v. Reed, 51 Pa. 190, 88 Am.Dec. 574 (charge of the lower court approved by the Supreme Court). See Shumaker v. Hankey, 158 Pa. Super. 602, 605, 45 A.2d 910. Another tort action in which counsel fees have generally been allowed as damages (although there are decisions to the contrary) is the action for deceit for fraudulently inducing the making of a contract. In such cases a number of courts both in England and in this country have allowed the plaintiff to recover the expenses of other litigation, incident to the contract so made, incurred in the unsuccessful at-

470

tempt to enforce it. See Case Note 41 A.L.R. 1153. The cause of action in this class of cases comes pretty close to that in the present case. So far as the theory of damages is concerned, I can see no substantial difference between a situation where a plaintiff has expended money in attempting to enforce a contract induced by the defendant's fraud and one where he has expended money in enforcing a contract, the breach of which the defendant maliciously induced.

■ There never seems to have been any question about the general principle that "where the wrongful act of the defendant has involved the plaintiff in litigation with others or placed him in such relation with others as makes it necessary to incur expense to protect his interest, such costs and expenses, including attorneys' fees, should be treated as the legal consequences of the original wrongful act and may be recovered as damages." American Jurisprudence, Damages, Sec. 144. This principle is fully applicable to the present case except for the fact that here the litigation to protect the plaintiff's interest, in which the expense claimed was incurred, was not against a third party but against the wrongdoer himself and was combined with the tort action against the wrongdoer. This, however, presents no serious difficulty. The absence of authority directly upon the point arises, no doubt, from the fact that until the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, permitted the combining of actions in equity and at law, separate suits were always necessary in a situation such as the present.

That the same defendant was sued in both actions is unimportant as shown by Feldmesser v. Lemberger, 101 N.J.L. 184, 127 A. 815, 41 A.L.R. 1153, where it appeared that the defendant procured a contract by which the plaintiff agreed to buy certain premises of which the defendant falsely represented himself to be the owner. Later, the defendant refused to convey and the plaintiff sued the defendant for specific performance in which suit he was defeated by proof that a third party owned the premises and the defendant had no interest in them. In a subsequent action against the defendant for deceit, it was held that the costs and expenses of the suit for specific performance were proper elements for damage. It is to be noted that the equitable action was not against a third party but against the defendant himself, and the only point of difference between that case and the one now under consideration is the immaterial one that two separate suits were brought (as they had to be under the New Jersey law) instead of a single one. I conclude that counsel fees and expenses are proper elements of damage.

I am satisfied that the plaintiff has fully established his cause of action in tort against the defendant. There can be no question that the defendant induced the breach and that, from the time that he took the first step in that direction, he had full knowledge of the existence of the trustees' contract with the plaintiff and of the plaintiff's rights under it. He continued his efforts to procure the breach after ample warning that he would be held to full accountability for all expenses to which the plaintiff was put. He succeeded in his purpose not simply by persuasion, but by offering terms to the trustees which put them in such a position that in their fiduciary capacity they could hardly do otherwise than repudiate their obligation to the plaintiff, and sell to him.

■ The general rule of tort liability in such a case is given in the Restatement of the Law of Torts, Sec. 766, as follows: " * * * one who, without a privilege to do so, induces or otherwise purposely causes a third person not to perform a contract with another is liable to the other for the harm caused thereby." Acting under a privilege recognized by the law exempts the actor from liability but there is no pretense that this defendant caused the trustees to breach their contract with the plaintiff for any reason other than to advance his own interests. Had his interest amounted to a legal right a privilege on that ground might have existed but in that regard the Restatement goes on Sec. 773, Comment a. "The privilege is of narrow scope. It protects the actor only when (1) he has a legally protected interest * * *." The defendant in the present case had no legally protected interest.

■ The question of malice remains to be considered. The tort is sometimes referred to as "malicious" inducement of breach of contract but, as stated in the Restatement, Sec. 766, Comment m: "There are frequent expressions in judicial opinions that 'malice' is requisite for liability in the cases treated in this Section. But the context and course of decision make it clear that what is meant is not malice in the sense of ill will but merely purposeful interference without justification."

Some Pennsylvania decisions, particularly Caskie v. Philadelphia R. T. Co., 334 Pa. 33, 5 A.2d 368, seems to require more than this objective test and to take into consideration the defendant's motives, but subsequent decisions make it clear · that what was meant by "malice" was never more than the intentional doing of a wrongful act without legal or social justification. " ' "When one has knowledge of the contract rights of another, his wrongful inducement of a breach thereof is a willful destruction of the property of another and cannot be justified on the theory that it enhances and advances the business interests of the wrongdoer." * * * Maliciousness "does not necessarily mean actual malice or ill will, but the intentional doing of a wrongful act without legal or social justification." ' " Ramondo v. Pure Oil Co., 159 Pa.Super. 217, 48 A.2d 156, 160. See also Eddyside Co. v. Seibel, 142 Pa.Super. 174, 181, 15 A.2d 691.

The defendant had the benefit of legal advice, but there is nothing to show what that advice was and, with the law in the uncertain state in which it was, I can hardly imagine his able and experienced counsel telling him that he could proceed with assurance that his legal position was sound and unassailable. What is plain is that he was so determined to obtain the property in question that he was perfectly willing to ignore any and all risks involved.

To the plaintiff he said: "Frank, you are stepping on dangerous ground; I am going to have the theatre if it is the last thing I do. You know I have a suit with Warner Brothers * * *. You must make a deal with me. You are dealing with a dangerous man." And to Friedmann, the agent, he said, "Well, you know me for a long time, and you know that I will stop at nothing to get that property now. I want that lease and I am going to get it, no matter what happens. * * * You know I can do anything. I have plenty of money and I will stop at nothing to get that lease. * * * "

In all this there was no ill will toward the plaintiff. At one time he said to the plaintiff: "Frank, I haven't got a thing against you. You are a square shooter. * * * I am out here to make a deal." Ill will, however, is not a necessary element. The defendant's utterances clearly indicate a complete · disregard of the plaintiff's rights so far as they might stand in the way of his getting the property. It seems clear that if the Pennsylvania decisions do require anything beyond the intentional doing of a wrongful act without legal justification—a doubtful matter—that something is supplied by the defendant's attitude as evinced by his own statements.

The following additional fact finding is made in connection with the decree.

■ The defendant with knowledge of the contract rights of the plaintiff maliciously and without reasonable justification or excuse intentionally and knowingly induced the trustees to breach the contract to the plaintiff's damage.

The following additional conclusion of laws is made:

The plaintiff is entitled to recover damages consisting of expenses of litigation and reasonable counsel fee incurred in connection with the recovery of the property which is the subject of this litigation.

■ Two matters remain to be mentioned in order to make the ruling clear, (1) the counsel fee and expenses are not allowed as costs of the case but as damages, (2) no counsel fee or expenses can be allowed for that part of the litigation which concerns the recovery of damages. Only that part of the plaintiff's counsel fee and expenses will be included which is properly allocable to his action for equitable relief.